State ex rel. Levet vs. Lapeyrollerie.

## No. 9638.

THE STATE EX REL. J. M. LEVET VS. ANTOINETTE AND CHARLES LAPEY-ROLLERIE AND THE SHERIFF OF THE PARISH OF ST. JOHN THE BAPTIST.

A writ of prohibition will not issue to arrest the execution of a judgment of one of the courts of appeals, on the complaint of the party cast, on the ground of want of jurisdiction, unless it appears from the record that the court was absolutely without jurisdiction in the premises.

In an action of boundary between the owners of two contiguous estates, the test of jurisdiction is not in the value of either or both of the adjacent estates, but in the value of the strip of land included between the two contested lines; and if it appears that the value of such strip of land is in the sum of three hundred dollars. the jurisdiction of the cause on appeal is in the court of appeals, and not in the Supreme Court. The case of Lombard vs. Belanger, 35 Ann. 311, affirmed.

APPLICATION for Prohibition.

*James Legendre* for the Relator.

*G. Leche, L. DePoorter* and *James D. Augustin* for the Respondents:

1. In an action of boundary, the only matter in dispute is the value of the lands included between the two contested lines, and unless relator shows the value of such strip exceeds two thousand dollars, the Supreme Court is without jurisdiction. 35 Ann. 311.

2. In this case the action partakes of the nature of an action of boundary (only in this sense) that the reports of the parish surveyor chosen by both parties to draw the boundary line is sought simply to be approved and homologated—both by the allegations and prayer of respondent's petition.

And therefore the only matter in contest would be the surplus land beyond the titles of the parties apportioned according to law by their chosen surveyor in proportion to the respective titles of the parties

The affidavit of respondents that said disputed strip is worth three hundred dollars, taken in connection with the report and testimony of the surveyor, settled the question of jurisdiction. C. C. 832, 833, 851; R. S. 3740, 3743, 3745. See Exhibits A and B, annexed to the return of respondents.

3. A party cannot shift his position to a contradictory one, so as to defeat the action of the law. Louque's D., p. 225, § 61, and p. 226, § 84.

4. After the consent survey, the sole object of the action of respondents against relator was to prevent a disturbance to their possession of the strip of land allotted to them proportionately by the surveyor, and that possession is alleged to be worth three hundred dollars; therefore the appellate jurisdiction was legally exercised in the premises. Neither the title, ownership or possession of the properties owned by the litigants were in question, and the issue was simply which line should be decreed to be the true one and to whom the twenty-foot strip belonged to: therefore it is the ownership and possession of the latter which determined the appellate jurisdiction of the Circuit Court. Lombard vs. Belanger, 35 Ann. 311; see also Manning's Unreported Cases of Supreme Court, Ternoir vs. Weaver, p. 107.

5. Where it appears from the record that the lower court had jurisdiction, and the proceedings were regular, a writ of prohibition will not issue from the Supreme Court on an application based on the ground that the lower court had usurped jurisdiction and

State ex rel. Levet vs. Lapeyrollerie.

authority, etc. 34 Ann. 782; 33 Ann. 257, 1356, and authorities there quoted; 36 Ann. 768; 32 Ann. 555, State ex rel. vs. Falls.

6. Relator is now estopped from seeking relief by writ of prohibition, because he submitted to the jurisdiction of the appellate tribunal by pleading all his defenses to said appeal. He should have desisted at first and applied for the remedy he now seeks. He took the chances of a judgment in his favor, and he now complains because hs has been disappointed. State ex rel. vs. Judge, 36 Ann. 768.

The opinion of the Court was delivered by

POCHÉ, J. The facts are as follows:

At a sale for partition of a tract of land hitherto owned in indivision by relator an dthe father of the respondents Lapeyrollerie, the parties hereto purchased two contiguous parcels of the land thus partitioned. With a view to establish proper boundaries between their respective estates they employed a competent surveyor, who found an excess of land beyond the quantity called for by their respective titles. That excess, which was a strip of land twenty feet in width, was awarded by the surveyor to the contiguous owners in proportion to their respective quantity of land as shown by their titles.

On the refusal of the relator, Livet, to accept the surveyor's plan, suit was brought against him for the purpose of obtaining a judicial enforcement of the boundaries as settled by the surveyor. The trial in the District Court resulted in a judgment against plaintiffs, who thereupon took an appeal to the Court of Appeals.

In that court the relator herein, who was the appellee there, moved for a dismissal of the appeal on the ground that the jurisdiction of the cause belonged to the Supreme Court. His motion was overruled and the judgment appealed from was reversed.

In due course execution was issued on the judgment of the Court of Appeals. Hence this application for a writ of prohibition, under the provisions of Article 853 of the Code of Practice. The question of jurisdiction depends upon the determination of the precise matter in dispute between the parties to the original suit.

The counsel of both parties are in accord that the action was one of boundary, and the record shows that the strip of land which the plaintiffs claimed under the surveyor's report, and which the defendant refused to yield, was of the value of three hundred dollars. Relator's contention is that the test of jurisdiction is the value of the two contiguous estates, which in this case is shown to exceed two thousand dollars, and not in the value of the narrow strip of land which may be the bone of contention between the parties; and his main reliance is on Articles 824 and 825 of the Civil Code, which assimilates the action

of boundary to the action of partition. Hence he argues that, as in the action of partition the value of the whole estate is the test of jurisdiction, so in an action of boundary the value of the two contiguous estates is the criterion of jurisdiction.

Under the two articles referred to, there are only two features in common between the two actions. They are both derived from the same source; the principle that no one is bound to live in indivision with another (Art. 824), and neither can be met by the plea of prescription. (Art. 825.) But in all other respects they are essentially and materially different.

The case in hand is a fair illustration of the correctness of this proposition, and of the fallacy of relator's contention. Before the partition sale the two estates were held in indivision between Livet and the Lapeyrolleries. For the purpose of the partition the whole property was under the control of the court, and at the partition sale each estate went to the respective purchasers. When the owners proceeded to establish their boundaries, which act was a necessary result of the partition, and when they differed as to the proper boundary, and went into court a second time, their respective titles which had been settled by the partition sale, were not before the court for its action, for there was no contest touching them. But the only matter submitted to the court for adjudication was the settlement of the boundary line which was to separate the two contiguous estates, or to determine what proportion of the surplus land discovered by the survey, was to accrue to each of the contiguous estates. Each of the purchasers at the partition sale was then and is yet in possession of all the land which his title calls for, hence the value of either or of both of the contiguous estates has ceased to be a factor in the litigation. Hence it follows that the only matter in dispute before the District Court, and on appeal therefrom, was that portion of the twenty feet surplus land which the plaintiff claimed, and which is shown not to exceed three hundred dollars in value.

If it be true, as intimated by relator's counsel, that the suit partook more of the nature of an action of partition than that of boundary, the property to be partitioned would be the strip of land twenty feet in width, and he does not even pretend that its value exceeds the jurisdiction of the Court of Appeals. Hence that horn of the dilemma does not favor him. But if it be the action of boundary, on which point we entertain no doubt, the test of jurisdiction is in the value of the tract of land included between the contested boundary lines.

Bankston et al. vs. Folks.

This question came up in the case of Lombard vs. Belanger, 35 Ann. 311, and we there held, as we do now, that "the value of that portion of the adjacent estates which would be involved by selecting either of the contested lines as the true boundary line between the two estates is the real matter in dispute" in the action of boundary.

These considerations lead to the conclusion that the Court of Appeals did not err in maintaining their jurisdiction of the cause, and that therefore there is no ground for the writ of prohibition herein prayed for. It is therefore ordered that the alternative writ of prohibition issued herein be recalled and set aside, and that relator's application be dismissed at his costs.