Hite et al. vs. Hinsel & Tallieu et als.

---

## No. 9876.

### JACK HITE ET AL. vs. HINSEL & TALLIEU ET ALS.

The Supreme Court cannot and will not exercise jurisdiction in all cases not excepted by the Constitution, unless it appears affirmatively from the pleadings that the matter in dispute involves an amount exceeding two thousand dollars.

The burden of proof is not on the appellee to show want of jurisdiction, but on the appellant to prove the existence of jurisdiction, as defined in the Constitution.

| | |
|---|---|
| 39 | 113 |
| 52 | 707 |
| 39 | 113 |
| 108 | 108 |
| 39 | 113 |
| 116 | 718 |
| 39 | 113 |
| f124 | 1071 |

In an action looking to the fixing of boundary lines, it is incumbent on the appellant to show that an amount is therein contested exceeding two thousand dollars, in order to maintain his appeal here.

APPEAL from the Twentieth District Court, Parish of Assumption. *Beattie*, J.

*W. E. Howell* and *Walter Guion*, for Plaintiffs and Appellants.

*O'Sullivan & Blake*, for Defendants and Appellees:

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiffs in an action to settle boundary lines between their lands and those of neighboring owners, are appellants from a judgment dismissing their suit on an exception of misjoinder of parties.

Appellees suggest our want of jurisdiction in the premises on the ground that the amount in dispute, if any is at all disclosed in the pleadings, is far below the lower limit of our jurisdiction.

It appears from the petition, that a former plantation, having been subdivided and parceled out, is now owned in parcels by a large number of different owners, among whom are the parties to this suit, and that the respective owners have been in possession since the date of their respective purchases, in accordance with a map or plan made in 1871, by a competent surveyor.

Now, plaintiffs, alleging that the metes and bounds of said lots having since become obliterated, and being no longer visible, bring this action for the purpose of settling said lines by some legally licensed surveyor, under the appointment and control of the court.

No moneyed demand is contained in the petition, no suggestion is even made of a possibly contested line between any of the various owners of the twenty-five lots into which the original plantation was subdivided, or of any demands by any of the owners for more land than he now possesses.

The pleadings, therefore, contain no allegation or averment of any matter in dispute, on which a calculation of a pecuniary contest can possibly be based.   Hence, we must conclude that the ground on which we can exercise jurisdiction is not apparent.

We have more than once said that in a boundary action the real amount in dispute was the value of the land contested, or included between the contested lines.   Lombard vs. Belanger, 35 Ann. 311 ; State ex rel. Levet vs. Lapeyrollerie, 38 Ann. 264.

But in this case there are no lands in dispute, and even no lines contested.

In the Lombard case, we intimated, and it can be easily understood,

that the value of the lands included between the contested lines can be materially affected, and greatly increased by the changes which the establishment of new lines could or might require in the nature of the removal of buildings or fences, or the change of ditches or canals, but no such element enters in this case, where no possible contest about lines is even intimated or suggested in the petition.

·We are referred to an affidavit made by plaintiffs, who therein state that their pecuniary interest in the controversy exceeds two thousand dollars.

But this is merely their opinion or appreciation of remote contingencies, and it finds no support whatever in any of the allegations or averments contained in their petition.

We can but repeat here what we have previously said touching a similar contention :

" But no allegation and no affidavit can create an appealable amount of interest in a litigation which, from its very nature and essence, presents an issue involving no pecuniary loss to the parties in the suit." State ex rel. Police Jury vs. Miscar, 34 Ann. 834 ; Buddig vs. Baldwin, 38 Ann. 394.

The jurisdiction of this court is defined by the Constitution, and under its direction the court cannot and will not assume jurisdiction unless the same appears affirmatively from the pleadings.

It is therefore ordered that this appeal be dismissed.