## No. 14,171.

### MRS. WIDOW JACOB L. HAUSSER vs. ADER & GERAC, IN SOLIDO

#### SYLLABUS.

A personal injury case turning upon facts. Judgment of the District Court in favor of defendant affirmed.

A PPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.*

The plaintiff, on her own behalf and as tutrix of her child, Jacob W. Hausser, sues to recover the sum of fifty-one hundred and ten dollars from the defendants, *in solido,* for damages resulting from an injury received by the said child on August 8, 1899.

She alleges that on the morning of that day while the child, six years of age, was quietly walking along the sidewalk of Chartres street, a fiery and vicious horse belonging to the defendants and used by them in making their collections, was carelessly left standing alone by one of defendants' employees, without guard or check of any kind right over the spout of a mill on St. Louis street; that said horse took fright at the sudden issue of steam from the pipe and ran away, breaking the light vehicle to which he was hitched, rushed up Chartres street and galloped on the sidewalk, and after scaring several persons and killing a man, rushed upon the child from the rear before it could realize it, knocked him down and trampled upon him, inflicting severe wounds. That defendants were aware of the fact that the horse was of a dangerous and fiery temper, and notwithstanding said fact allowed it to be driven by a careless driver, in a thickly populated part of the city, attached to a light vehicle and left to stand alone in the midst of factories and mills, right over a visible steam pipe. The defendants pleaded the general issue, coupled with the contingent defense of negligence on the part of the child and his mother. Judgment was rendered in favor of the defendants, and plaintiff appealed.

*Albert Voorhies* and *William J. Formento,* for Plaintiff. Appellant.

*John G. Robin,* for Defendant, Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J. The case turns entirely upon questions of fact. It is useless to refer particularly to the evidence. It suffices to say that plaintiff has failed to sustain allegations of her petition. The horse was not driven by a careless driver when it took fright; it had not been left standing alone. The owner of the horse and vehicle had just gone into an adjacent building to collect a bill, leaving them in charge of an attendant, who had gotten out and was holding the horse by the bridle

when there was a sudden blowing off of steam from the boilers of a rice mill in the immediate neighborhood, through a pipe leading into the street and near where the horse was standing. The animal is shown not to have been vicious, as alleged, but a very gentle one, and the escaping steam was calculated to frighten any animal. It took fright, whirled around and threw the attendant into the gutter, although he did his best to hold him. It then ran through the streets, finally injuring the child upon the sidewalk on Chartres street. It is true that the pipe through which the steam escaped upon the street was visible, but there was no reason whatever on the part of the owner or the attendant to anticipate that steam would have been permitted to be blown off through it at that hour, and without warning from the mill, and such was not the practice. We discover no negligence on the part of the defendants. The accident was a deplorable one, but it is not to be attributed to any fault of the appellees.

The judgment of the lower court is correct and it is hereby affirmed.