Statement of the Case.
NICHOLLS, J.
The plaintiff alleged that she was—
“The owner of the property known as No. 4905 St. Charles avenue, next to the corner of Upper-line street, acquired by purchase from Mrs. Marr- L. Kennedy, wife of Charles Genella, separate in property, by act before Theodore Cotonio, notary public, dated May 18, 1893. A certain lot of ground with the improvements thereon and the appurtenances thereof in the islet bounded by St. Charles avenue and Upper-line, Carondelet and Robert streets, forming a subdivision or part of a larger lot acquired by her vendor by an act passed before James Fahey, notary public, on the 10th June, 1885, measuring 34 feet front on St. Charles avenue and depths and dimensions and right to all extra frontage by the new alignment of the line of said square of ground fronting on St. Charles avenue, together with all the rights of use to a rear alley extending to Upperline street, as will all more fully appear from the act of purchase, a certified copy of which is hereto annexed.
“That James J. Conway of the city of New Orleans had purchased previously from the same vendor, the common author of the two titles, the said Mrs. Mary L. Kennedy, wife of Charles Genella, a subdivision of the original property forming the corner of St. Charles avenue and Upperline street, by act before Hunter C. Leake, notary, dated January' 14, 1893.
“That petitioner was desirous of ascertaining and fixing'the boundary line between her property and the property of the said James J. Conway and separating the two properties.
“That petitioner has met with unwillingness on the part of said neighboring proprietor who, notwithstanding notice to join in and establish the said line or appoint a surveyor, has had recourse to the other defendants herein, heirs of the said vendor or common author, viz.: Cornelia D. Genella, wife of S. Sansum and Aseneth Genella, feme sole, both of the city of New Orleans, to purchase from said vendor’s heirs a piece or strip of ground now claimed by them to be intervening between his said property and the property of petitioner, notwithstanding full knowledge on his part and recognition by him of the fact that the said piece of ground was embraced in petitioner’s purchase and included in the measurement and survey of her property, and notwithstanding 'formal previous written notice to the said defendant in advance of his said pretended purchase, which was communicated to vendors aforesaid, that he was violating the rights of petitioner, and that the said ground in question was not the property of vendors and was embraced in petitioner’s title or lawful possession.
“That the said space of ground attempted to be encroached upon and taken away from petitioner is valuable to petitioner in a sum exceeding $2,000 in connection with her investment of $7,100 for the said property, and to lose the same would damage petitioner in a sum exceeding $2,000.
“That although by the said deception in the act of sale the property of petitioner measuring 34 feet front on St. Charles avenue is said to begin at a point 35 feet from Upperline street, yet there is not much distance from Upperline street to the point of beginning of the land remaining to the common vendor after her sale to Conway as will appear from the sketches annexed to the act.
“That the 34 feet front on St. Charles avenue and dimensions, as described by petitioner’s title, were conveyed to petitioner inasmuch as the measurement of the 34 feet front on St. Charles avenue after the said previous sale *712 to the said Conway, and the designation of the point of beginning as 35 feet from Upperline street is immaterial as not controlling petitioner’s area. That no reservation of any portion of the same or notice thereof was made in the sale to petitioner and defendants were estopped by their author’s disposition of the said two properties and the destination of the former proprietor. That if there was any excess of ground remaining to the said common vendor beyond the said conditions after the said sale to petitioner, the said excess, if any, was acquired by just title by possession in good faith as owner by petitioner after a lapse of over 10 years, by 10 years’ prescription.
“Petitioner shows that the said pretended conveyance and transfer of 23d March, 1904, to the said defendant from the heirs of Mrs. Genella is illegal and null and void as to petitioner. That the acts of the said Genella heix-s are an open bi'each on their part of the obligations of warranty of their alleged author the said common vendor.
“That the illegal acts of defendants have caused petitioner serious annoyances, inconvenience, and loss and depreciation of the disposable value of her property and expenses and attorneys’ fees, etc., for which defendants are liable in solido for damages in an amount exceeding $500 in addition to the said thi-eatened loss and dismemberment of her property for which petitioner would be entitled, should same occur, to additional damages in a sum exceeding two thousand dollars. Petitioner avers that amicable demand has been made on defendants to no effect.”
In view of the premises petitioner prayed that the said James J. Conway may be cited to answer this petition and that the said Mrs. Cornelia D. Genella, wife of S. Sansum, separate in property and the said S. Sansum, to authorize and assist his wife, and the said Miss Asenath Genella, be made parties to this action and cited to answer this petition, and that after due proceedings there be judgment in petitioner’s favor and against the said defendants treating as naught and annulling and canceling from the Conveyance Records, in so far as the said sale affects the property of petitioner, the said pretended sale of March 23, 1904, of the said Genella heirs, defendants to James J. Conway, by act under private signature acknowledged before M. M. Boatner, notary public, recorded in Conveyance Office Book 196, folios 322 and 323, and ascertaining and fixing the limits of and separating the said respective properties and for further judgment in petitioner’s favor in the sum of $500 damages, against said defendants in solido and for costs and general relief.
Mrs. Asenath Genella and her husband, George W. Dodds, and Mrs. Cornelia Genella and her husband, Samuel Sansum, excepted on the ground that there was an unlawful joinder of actions and xxarties.
Defendant James J. Conway answered. After pleading the general issue, he averred that on or before the 14th day of January, 1893, Mrs. Mary Louise Kennedy, wife of Charles Genella, was the owner of a tract of land situate in the Sixth district of the city of New Orleans in the square bounded by St. Charles avenue, Upperline, Carondelet, and Robert" streets, measuring 69 feet,* 4 inches, more or less, in front on St. Charles avenue 182 feet more or less, in front and depth on Upperline street, 165 feet, 5 inches more or less on the side line nearest Robert street by a width in the rear of 65 feet.
That prior to the date aforesaid the said Mrs. Genella divided the tract above described into two parcels or lots, and assigned limits to each and caused a dwelling house and appurtenances to be erected on each of said lots; the actual boundary mark between the same being, for the greater part, the side wall of the dwelling house on the lot nearest Robert street, and a fence extending in continuation and projection thereof towards the rear, and from the front of the said house to the line of St. Charles avenue the said Mrs. Genella divided the said lots by means of a fence which beginning with an offset of about two feet towards Upper-line street from the front corner of the said house continued in a line parallel with said Upperline street to the line of St. Charles avenue, which said houses and fences *714 still stand in the same positions in which they were built.
That on the 14th day of January, 1893, by act of that day passed before Hunter 0. Leake, a notary public of the parish of Orleans, the said Mrs. Genella, with the assistance of her said husband sold to this defendant one of the lots of ground aforesaid, to wit: That which forms the corner ■of Upperline street and St. Charles avenue, and which in the said act is described as follows:
“A portion of ground, with the improvements thereon and the appurtenances thereof, situated in the Sixth district of this city in the islet hounded by St. Charles avenue and Upper-line, Carondelet, and Robert streets, designated by the letter G on the hereto annexed •sketch and measuring according thereto, in American measure, 33 feet front on St. Charles avenue, 32 feet in width in the rear of an alley, 179 feet in depth and front on Upper-line street, and 160 feet in depth on the line ■dividing it from lot D on said sketch.
“Which said act was registered in the conveyance office of the parish of Orleans in book 149, fo. 45, and a duly certified copy thereof is hereto annexed as a part hereof.”
And defendant avers that immediately upon the passage of an act of sale aforesaid, to wit, on January 14,1893, and in accordance with and under the said act, his said vendor placed him in the physical possession of the ■said lot, and of the whole area thereof comprised within the limits theretofore assigned and fixed to the same by the said Mrs. Genella, as aforesaid; and since the said date and up to the present time this defendant has remained in the uninterrupted and undisturbed, notorious, and physicial possession ■of the said lot up to the side line of the house of the plaintiff and the fences aforesaid.
And defendant shows that the deed aforesaid by which he acquired the land aforesaid is valid and sufficient to transfer the property of the same, and that, having been in actual possession of the same under the ■said deed since the date thereof he is entitled ■to the benefit of the prescription of ten years, which he now especially pleads in bar of the defendants’ demands.
Defendant shows that subsequently, to wit, on the 18th day of May, 1893, uy an act before Theodore Cotonio, a notary public of the parish of. Orleans, the said Mrs. Genella sold the other of the said lots to the plaintiff herein, who went into the possession thereof, according to the limits which had been fixed thereto by the said Mrs. Genella, as aforesaid. And respondent avers that the said plaintiff has never, up to a short time before the filing of this suit, contested or questioned his right of ownership of any part of the lot of ground included within the boundaries hereinabove indicated; but on the contrary she has always acquiesced in and consented to his ownership and possession of all his lot aforesaid, and especially of that part thereof which she claims in these proceedings.
And for further answer respondent avers that though by reason of the fact that part of the land first hereinabove described which lies between Upperline street and the side of plaintiff’s houses and fences aforesaid, and yet, considering that the deed under which the said plaintiff acquired described her acquisition as fronting on St. Charles avenue, and being at a distance of 35 feet from Upperline street and having a width of 32 feet in the rear, and considering that the deed by which this respondent acquired described his acquisition as forming the corner of Upperline street and St. Charles avenue and fronting 33 feet on St. Charles avenue by a width in the rear of 32 feet, so that of the whole portion of ground formerly owned by the said Mrs. Genella first hereinabove described a strip having a frontage of about 3 feet on St. Charles avenue, and running back between the lots owned respectively by respondent and plaintiff, to the rear line thereof, to a width of one foot, might be considered not to have been conveyed to this defendant by his deed *716 af or esaid, th ough delivered to him, and remaining in his possession thereunder, as aforesaid; this defendant therefore, in order to strengthen his title and place the same beyond doubt, purchased from the heirs of the said Mrs. Genella, who is now dead, with full warranty of title, all their right, title, and interest in and to the said parcel or strip of land, the whole as will more fully appear by a deed under private signature executed on the 23d day of March, 1904, and acknowledged the same day before M. M. Boatner, notary public, by Miss Asenath L. Genella, then a feme sole, now the wife of George S. Dodds, and Mrs. Cornelia D. Genella, wife of Samuel Sansum, and by said Sansum to authorize his wife, the said parties with Alphonse J. K. Genella and Louis J. Genella, being the children and only heirs of the said Mrs. Mary Louise Kennedy Genella, and being the transferees of the hereditary rights of the said Alphonse J. K. Genella and Louis J. Genella, in the succession of their said mother; which said deed was registered in the conveyance office of the parish of Orleans in book 196, f. 322; and therein the said strip of ground is described as follows:
A certain piece or portion of ground together with all the improvements thereon and all the rights, privileges, and servitudes thereto appertaining, situate in the Sixth district of the city of New Orleans in the square bounded by St. Charles avenue, Upperline, Carondelet, and Robert streets, lying between the lot sold by Mrs. Mary L. K. Genella to James J. Conway by act before Hunter C. Leake, notary public, dated January 14, 1893, and the lot sold by the same vendor to Miss Prances E. Gasquet by act before Theodore Cotonio, notary public, dated May 18, 1893, and measuring two feet more or less front on St. Charles avenue, and running back between the side line of the lots aforesaid about 169 feet to an alley with a width of about 1 foot in the rear, the said description being intended to. comprise all the land in the said square owned by these vendors lying between the lot so sold as aforesaid to Miss Gasquet and Upperline street.
Defendant shows that the purpose of the' plaintiff is to evict him from the land purchased by him from the said Mrs. Asenath L. Genella, wife of George S. Dodds, and the said Mrs. Cornelia D. Genella, wife of Samuel Sansum, according to their deed aforesaid, whereby they warranted their title thereto, and that they the said Mrs. Dodds and the said Mrs. Sansum and their said husbands to authorize them ought to defend this suit and ought to defend and warrant the title which they conveyed to this defendant.
In view of the premises defendant prays that the demands of the plaintiff may be rejected and her suit dismissed at her costs; that the said Mrs. Asenath L. Genella, wife of Geo. S. Dodds and the said Dodds, to-authorize his said wife, and the said Mrs. Cornelia D. Genella, wife of Samuel Sansum, and the said Sansum to authorize his said wife, may be called in warranty and cited to answer hereto; and that in the event this defendant should be east in this suit he have judgment against the said Mrs. Dodds and the said Mrs. Sansum jointly, in the sum of $150, being the price paid by defendant to them on the conveyance to him by them of the strip of land described in their deed hereinabove referred to. And defendant prays for cost, for all necessary, orders, and for full and general relief.
George S. Dodds and his wife and Samuel Sansum and his wife answered, pleading a general denial. Sansum and wife being called in warranty by the defendant company, answered, pleading the general issue. There was judgment in the district court in favor of defendant, and warrantors and plaintiff appealed.
*718 Opinion.
Plaintiff and defendant both purchased property on the same block on St. Charles avenue from Mrs. Genella. The defendant purchased on the 14th of January, 1893, for $7,300, and the plaintiff purchased on the 18th of May, 1893 for $7,100.
Defendant’s property is described as forming the corner of Upperline street and St. Charles avenue, measuring 33 feet on St. Charles' avenue.
Plaintiff’s property is .described as measuring 34 feet on St. Charles avenue with right to all extra frontage by the new alignment of the line of the said square of ground fronting on St. Charles avenue, the property beginning at a distance of 35 feet from Upperline street.
The present action is a boundary suit in which plaintiff seeks to have established the boundary between her property and that of defendant, in which in order to establish the line as claimed by her she has to vary the starting point of the property from a point 35 feet from Upperline street to a point at a distance of 33 feet from Upperline street, so as to join defendant’s property at that point.
Defendant, in order to maintain his claim, has to extend his frontage on St. Charles avenue beyond 33 feet on St. Charles avenue to 35 feet.
This he claims the right to do under a sale made to him by the heirs of Genella on the 23d of March, 1904, of a strip of land embraced between 33 and 35 feet fronting on St. Charles avenue; he asserting that he was already owner of that property by the previous sale made to him by Mrs. Genella, and his later purchase from the heirs of Genella having been made simply with a view to strengthening his title to the property.
The plaintiff claims to have acquired ownership of the property up to a point commencing at 33 feet from Upperline street, instead of from 35 feet from that street, under the allegation that 34 feet front on St. Charles avenue was conveyed to her by her vendor, there being that amount of property belonging to her (vendor) at that time with that frontage on St. Charles avenue. That her vendor was bound to convey to her, and did so convey, the full extent of the premises so owned by her.
In view of the fact that defendant set up title to the intervening small strip under a sale from the heirs of Genella, the plaintiff attacks incidentally the sale of that property as being null and void, and as being of property belonging to her, under her act of purchase from Mrs. Genella. Both parties claim to have been and to be in possession of the property respectively claimed by each.
“The plaintiff claims in her suit in the way of damages an amount exceeding $500 for serious annoyances, inconvenience, and loss and depreciation of the disposable value of her property, and expenses and attorney’s fees, etc., for which defendants are liable in solido in addition to the said threatened loss and dismemberment of her property for which she would be entitled should same occur, to additional damages in a sum exceeding $2,000.”
In her petition she alleged that the said strip of ground attempted to be encroached upon and taken away from her is valuable to her in a sum exceeding $2,000 in connection with her investment of $7,100 for the said property, and to lose the same would damage her in a sum exceeding $2,000.
Though no motion has been made to dismiss the appeal, the question which meets us on the threshold is whether this court can entertain the appeal as it now, comes before us. Under the rulings of the court in the cases of Hite et al. v. Hinsel & Tallieu et al. 39 La. Ann. 113, 1 South. 415; Lombard v. Belanger, 35 La. Ann. 311; State ex rel. Levet v. Lapeyrollerie, 38 La. Ann. 264; State ex rel. Police Jury v. Miscar, 34 La. Ann. 834; Buddig v. Baldwin, 38 La. Ann. 394; State v. Cox, 52 La. Ann. 2049, 28 South. 856; State ex rel. Lewis v. Foster, 111 La. *720 241, 35 South. 536, where in a boundary suit the matter in dispute between the' parties involves the ownership of an intervening strip of property, the value of that property determines the jurisdiction of this court.
On the one hand we have before us the sale from the Genella heirs to Conway, for the price of $150, and on the other hand we have the allegation of plaintiff that the strip in controversy under the circumstances in which its ownership is made an issue has a special value to her of over $2,000.
The district court dismissed the action presumably on the ground that there was presently existing as an established and fixed boundary line certain existing fences and buildings. Before proceeding further we have to dispose of the question of jurisdiction.
The decisions quoted control the case before us.
We are of the opinion that the present appeal for want of jurisdiction ratione materiae cannot be entertained by us.
For the reasons assigned it is hereby ordered, adjudged, and decreed, that in the event the appellant or her attorney shall, within six judicial days from the date of the rendition of this decree, make oath as provided by Act No. 56, p. 135, of 1904, this cause shall be transferred to the Court of Appeal, parish of Orleans, otherwise that the appeal herein be dismissed at. cost of appellant.