5279.

## JOSEPH HASEMAN vs. ANNA ZARDE.

In a petitory action, it is the market or intrinsic value of the property in dispute that determines the Court's jurisdiction, and not any special value which plaintiff may place upon it, by virtue of the particular circumstances of the case.

Appeal from the Civil District Court, Division "E."

O. S. Livaudais, for plaintiff and appellant.

Henriques & Duchamp, for defendant and appellee.

E. J. Meral, attorney.

GODCHAUX, J.—This case was before us on a prior occasion, and on a motion to dismiss the appeal was remanded to the lower Court for the sole purpose of determining the value of the property in dispute (Haseman vs. Zarde, 8 Court of Appeal, p. 310). The testimony adduced on the remand of the case is now before us, and it discloses that the market or intrinsic value of the strip of land in controversy, based upon the selling price of similar property in that locality, is in the neighborhood of $60.00. It is contended, however, that the property, has a value peculiar to the appellant, exceeding the sum of $150.00, by reason of the fact that without this strip the shutters or blinds of the house located on appellant's property cannot be opened to their fullest extent; and by reason of the further fact that the loss of this strip will reduce appellant's property to an unmarketable width of twenty-seven feet.

The latest expression of our Supreme Court upon this subject is to the effect that for jurisdictional purposes the market value alone of the property in dispute is to be considered, and not any special value which plaintiff may place upon it, by virtue of the peculiar circumstances of the case.

### Gasquet vs. Conway, 116 La., 709.

It does not appear that the matter in controversy is within our appellate jurisdiction, and, accordingly, the appeal is dismissed.

Appeal dismissed.

November 20, 1911.

(Note.—The original opinion remanding this case appears in Vol. 8, page 310.)