(81 South. 382)

No. 21996.

In re AZTEC LAND CO.

(March 31, 1919.)

*(Syllabus by the Court.)*

COURTS ☞224(12), 487(1) — LOUISIANA SUPREME COURT—APPELLATE JURISDICTION—TRANSFER OF CAUSE.

In an appealed case, where the jurisdiction of this court depends upon the value in dispute, the jurisdiction will not be exercised when neither from the face of the transcript nor from an affidavit filed by the appellant can it be inferred that such value exceeds $2,000, exclusive of interest. If, however, it appears that the case may be within the appellate jurisdiction of the Court of Appeal, it will be transferred to that tribunal, but with no predetermination of the question of its jurisdiction.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Suit by the Aztec Land Company for confirmation of title, opposed by John F. Dupuy and others, setting up title. Judgment for defendant Dupuy, and the plaintiff appeals. Appeal transferred to the Court of Appeal for the Parish of Orleans.

Wm. Winans Wall, of New Orleans, for appellant.

Charles Louque, of New Orleans, for appellees widow and heir of John F. Dupuy.

Statement of the Case.

MONROE, C. J. In May, 1904, the Aztec Land Company (hereafter called the company) filed a petition in the district court, setting up title from the state auditor, under Act 80 of 1888, as amended by Act 126 of 1896, to the following described property, to wit:

"Four certain lots of ground and improvements thereon, in the second district of the city of New Orleans, * * * in square No. 469, bounded by Bayou St. John, Dumaine, St. Philip, and Genois streets. Said lots measure 121 feet front on Bayou St. John by 150 feet in depth. * * * That the value of said property is the full sum of $200," etc.

And the petitioner prayed that it be put in possession of the property so described. Thereupon John F. Dupuy appeared, alleging that he had received notice of the proposed seizure; that he was not in possession of the lots thus described, but was in possession as owner of a certain other lot, against the seizure of which he obtained an injunction; and thereafter there were various other pleadings in the case, in the course of which the company, in 1915, prayed to be recognized as the owner of the lots as described in its petition of May, 1904, and Dupuy prayed that the title set up by the company be decreed null and void; and in 1916 there was judgment for defendant practically as prayed for, from which the company prosecutes this appeal.

On the face of the record, we find nothing which suggests that the lots claimed by the company are worth more than the $200 which they were alleged to be worth in the original petition; but, when the case was called for argument, the counsel for the company filed an affidavit to the following effect:

"* * * That they [the two signers of the affidavit] are well acquainted with the value of real estate in the city of New Orleans, and particularly with the value of the following described real estate, to wit: A certain portion of ground in square No. 469, in the second mu-

nicipal district of the city of New Orleans, in the square bounded by Bayou St. John, Genois, St. Philip, and Dumaine streets, said lots fronting on said Bayou St. John and adjoining, on the other side, the land of Le Blanc, measuring on said Bayou 241 feet 5 inches and 4 lines, on the side next to Le Blanc 246 feet 6 inches and 10 lines, and on the base line 116 feet 1 inch and 5 lines. That said property is well worth more than $2,000."

All of which may be true, but it does not follow, because the property so described is worth more than $2,000, that the lot which plaintiff is here claiming, as measuring 121 feet on Bayou St. John by 150 feet in depth and as worth $200, is "well worth more than $2,000," and we therefore conclude that the company (appellant), upon which rests that burden, has failed to show that the value here in dispute exceeds $2,000, exclusive of interest, and is within the appellate jurisdiction of this court. Hite v. Hinsel, 39 La. Ann. 113, 1 South. 415; Salles v. Jacquet, 108 La. 108, 32 South. 411; State v. Leonard, 124 La. 1071, 50 South. 854. Whether it will appear, to the satisfaction of the Court of Appeal, that the case is within its appellate jurisdiction, is, of course, primarily for that tribunal to determine, but we are of opinion that it should be sent there for its consideration.

It is therefore ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, to be there proceeded with according to law.