157 So. 383

## MURFF v. LOUISIANA HIGHWAY COMMISSION.

### No. 33099.

Oct. 29, 1934.

Louis L. Morgan, of Covington, and E. R. Stoker, of Baton Rouge, for appellant.

Murff & Perkins, of Shreveport, for appellee.

ODOM, Justice.

Appellee filed a motion to dismiss this appeal on the ground that this court has no jurisdiction ratione materiæ.

The facts are that plaintiff brought suit against the Louisiana Highway Commission to compel it to enlarge certain natural drainage openings under a paved highway built by the Commission. There was judgment in favor of plaintiff "ordering and commanding the Louisiana Highway Commission to remove, within 60 days from the date this judgment becomes final, all impediments placed in Cross Bayou and Alligator Bayou by said Louisiana Highway Commission at the respective points over which Route 80 crosses said bayous in Bossier Parish, Louisiana, as prayed for in plaintiff's petition, and restore said bayous to their natural water capacity as they were before said impediments were placed therein by said Louisiana Highway Commission."

In order to comply with this judgment, the Highway Commission will have to remove from the dump which it built for the road many cubic yards of earthwork, and this involves the expenditure of money. The amount of money which the Highway Commission will necessarily have to spend in order to comply with the judgment rendered by the trial court is the pecuniary amount involved in this controversy, and is the test of appellate jurisdiction. State ex rel. Chandler v. City of Shreveport, 151 La. 491, 91 So. 850.

In the cited case Chandler brought mandamus proceedings against the city of Shreveport to compel it to submit to the people a certain proposed ordinance for ratification or rejection. The district judge rejected his demands and he appealed to the Court of Appeal. That court dismissed his appeal for want of jurisdiction, and he applied to this court for writs. The judgment of the Court of Appeal dismissing the appeal was reversed, the appeal was reinstated, and the Court of Appeal was ordered to proceed with the case. This was upon the ground that in case there should be final judgment ordering the city to hold the election, the pecuniary amount involved would be the expense to the city of holding the election, which was estimated to be $600. The principle involved in that case is not distinguishable from that involved here.

But the record in the case at bar does not disclose what amount the Highway Commission will have to expend in order to comply with the judgment rendered against it. We find, however, that since the motion to dismiss the appeal was filed in this court, the appellant has filed a joint affidavit made by the State Highway Engineer, the Bridge Engineer, and the Maintenance Engineer setting out that in order to comply with the judgment rendered, the Highway Commission

will have to expend a sum not less than $18,-000, which is far in excess of our minimum jurisdiction.

 In the absence of other evidence showing the pecuniary amount involved in a law suit, the affidavit of one of the parties as to such amount will be considered. Waters Pierce Oil Co. v. Mayor of Town of New Iberia, 47 La. Ann. 863, 17 So. 343; State ex rel. Daboval v. Police Jury, 39 La. Ann. 759, 2 So. 305; Garrett v. Spratt, 131 La. 707, 60 So. 199. Such affidavit may be made after the motion to dismiss the appeal is filed. State ex rel. Cain v. Judge, 20 La. Ann. 574; State ex rel. Holmes v. Wiltz, 11 La. Ann. 439; Knight v. Smith, 3 Mart. (O. S.) 158.

The motion to dismiss the appeal is overruled.