■HAWTHORNE, Justice.
 

 This case is before us on a motion filed by the appellee to dismiss the appeal on the ground that this cause is not within the appellate jurisdiction of this court inasmuch as the amount in dispute or the value of the matter in controversy herein does not exceed $2,000 but upon the record is obviously substantially less than that amount.
 

 Appellee, New Orleans and Northeastern Railroad Company, alleging itself to be the owner of a certain lot of ground situated in the City of New Orleans, together with the buildings and improvements thereon, instituted this action against Mrs. Rose S. Redmann, the owner of record of an adjoining lot, and against Commercial Iron & Metal Company, Inc., and Nathan Lomm, alleged occupants thereof.
 

 Plaintiff alleges that all of the defendants have refused to agree to the fixing of the boundary line between the two lots, and that, according to a su'rvey of the boundary line which petitioner caused to be made, a building and a fence are encroaching on petitioner’s lot, which building and fence were constructed and owned by some one of the defendants, and that certain junk, apparently owned by the defendant, Commercial Iron & Metal Company, Inc., is piled on the property of petitioner without any right, as none of the defendants has any right, title, or interest in said property or any right to occupy the land of petitioner.
 

 Plaintiff further avers that it is necessary that a judicial fixing of the boundary line be made in the manner provided by law. It prays for the appointment of a surveyor by the court to make a survey of the lots in question and for judgment in favor of petitioner and against defendants, decreeing and fixing the boundary line as described therein, and that the defendants be ordered to remove the encroachments from plaintiff’s property.
 

 The Civil District 'Cou'rt appointed a surveyor to survey the boundary line between the lots and to report thereon in writing to the court.
 

 After answers were filed by all defendants, and after trial on the merits, the lower court rendered judgment recognizing plaintiff to be the owner of the property described in its petition and fixing and
 
 *530
 
 establishing the boundary line between its lot and the adjacent lot, owned by the defendant, Mrs. Rose S. Redmann, according to the survey made by the surveyor appointed by the court, and further ordering the defendants to remove all encroachments from the lot of ground belonging to plaintiff within 60 days from the date on which the judgment should become executory, and ordering that, in the event of their failure to remove said encroachments from the property of plaintiff within the delay, all such encroachments should be removed by the plaintiff at the expense of the defendants in solido through the issuance of the proper writ. The judgment also ordered and commanded the defendants to refrain from any further trespass or encroachment upon the lot of ground belonging to plaintiff.
 

 From this judgment defendants have appealed to this court, and it is this appeal which appellee seeks to have dismissed by the motion filed herein.
 

 In brief filed in this court, both appellants and appellee concede, and correctly so, that there is no averment as to the value of the matter in controversy anywhere in the pleadings, nor is there any evidence in the record to show that the amount in dispute exceeds $2,000, exclusive of interest, so as to give this court jurisdiction.
 

 This is an action seeking judicial fixing of the boundary between two adjacent lots of ground and judgment ordering the defendants to remove from plaintiff’s property certain encroachments thereon.
 

 The report of the surveyor appointed by the court fixed the boundary line between these two lots, and the defendants offered
 

 no proof that this line was not properly fixed, nor do they contend that this survey is in any way incorrect. The lower court accepted the survey and fixed the boundary in accordance therewith. The record discloses that the boundary as fixed by the judgment of the district court gives to each of the owners of record all property described in their respective deeds, which were filed in evidence. Under this state of facts, there is no issue in this case, as pointed out by the trial judge, as to which property should bear the shortage, as there is no shortage. These facts are conceded by all parties.
 

 The plat of the suryey prepared by the surveyor shows that the structural improvements located on Mrs. Redmann’s lot encroach on plaintiff’s lot a maximum distance of approximately six feet and consist of two structures marked on the plat “sheds”. The record discloses that the lot owned by Mrs. Redmann is being used as a junk or scrap yard, and the judge of the lower court, in addition to ordering defendants to remove the structural encroachments, ordered the removal from plaintiff’s property of certain movable encroachments which apparently consisted of piles of rags
 
 *532
 
 and papers, old rubber tires, miscellaneous scrap iron, etc.
 

 Counsel for appellee in support of the motion to dismiss cite authorities to the effect that the test of jurisdiction in an action of boundary is the value, not of ■cither or both of the contiguous estates, but of the property which lies between the contested lines, and that in such action the only matter in dispute is the value of the land included between the two contested boundary lines. The authorities cited.- as well- as numerous other authorities, conclusively show that this is a correct statement of the law in such cases, these authorities being Lombard et al. v. Belanger et al., 35 La.Ann. 311; Hite et al. v. Himel & Tallieu et al., 39 La.Ann. 113, 1 So. 415; Salles et al. v. Jacquet et al., 108 La. 107, 32 So. 411; Beasley v. Glassell, 110 La. 230, 34 So. 424; Gasquet v. Conway et. al., 116 La. 709, 41 So. 44; Beatty v. Sharp, 135 La. 250, 65 So. 232.
 

 Counsel point out that the record discloses that the purchase price of plaintiff’s lot was the sum of $1,900, shown by its deed of acquisition in 1911, and that the defendant, Mrs. Redmann, acquired the adjacent lot by assuming an outstanding mortgage indebtedness of $1,850 in 1932, and contend that, even if this were a petitory action involving the title to the entirety of either property, there would be doubt as to this court’s having jurisdiction, and that, since the judgment of the lower court ordered the removal of structural improvements extending at a maximum only a distance of about six feet on plaintiff’s side of the boundary line as fixed and established by the judgment appealed from, it is obvious that the value of the matter here in controversy could at most be only a small fraction of the value of either of the adjacent properties.
 

 Since there is no controversy in this case as to the boundary line between these two lots as fixed by the judgment of the lower court, the rule that the test of jurisdiction is the value of the property between two contested lines has no application to the facts here involved, and we must look elsewhere to determine the question of jurisdiction.
 

 The judgment appealed from, after, fixing and establishing the boundary line, ordered the defendants to remove from plaintiff’s lot all encroachments thereon, both structural and movable, and, if this judgment is affirmed by an appellate court, it will be necessary for the defendants to comply with this order and consequently expend a certain amount of money, and the amount of money which the defendants will be required to spend in so complying with the judgment is the pecuniary amount involved in this controversy and the test of appellate jurisdiction. Murff v. Louisiana Highway Commission, 180 La. 664, 157 So. 383.
 

 However, the record as filed in this court does not disclose the amount defendants
 
 *534
 
 will have to spend in order to comply with the judgment rendered against them.
 

 In determining the question of jurisdiction, the rule is that the burden of proof is not on the appellee to show want of jurisdiction but on the appellant to prove the existence of jurisdiction as defined in the Constitution, article 7, § 10, or that the burden is on the appellant, to show affirmatively that this court has jurisdiction, and this fact must affirmatively appear from the record. Salles v. Jacquet, 108 La. 107, 32 So. 411; Nick v. Bensberg, 123 La. 351, 48 So. 986; In re Aztec Land Co., 144 La. 889, 81 So. 382; State v. Cook et al., 197 La. 1027, 3 So.2d 114.
 

 It having been conceded by both appellants and appellee that the record in this case does not affirmatively show that this court has appellate jurisdiction, and the appellants having failed to prove the existence of jurisdiction in this court as defined in the Constitution, it is necessary and proper that this appeal be dismissed or transferred to the Court of Appeal. We' have concluded to order the appeal transferred to the Court of Appeal for the Parish of Orleans, for, according to the provisions of the Constitution of this state, the Court of Appeal for the Parish of Orleans has appellate jurisdiction over all civil cases of which the Civil District Court for the Parish of Orleans has exclusive original jurisdiction and of which the Supreme Court is not given appellate jurisdiction. 0
 

 After this motion was submitted for decision, one of the appellants, Nathan' Lomm, executed for himself and in behalf of the Commercial Iron & Metal Company’, Inc., an affidavit which has been filed in the record. Deponent in this affidavit states that he makes it for the purpose of establishing to the best of his knowledge, belief, and opinion that the value of the property in litigation or the value of the right which is sought to be established by plaintiff herein exceeds the sum of $2,000, and further, that this cause of action involves the ownership of two lots of ground in the City of New Orleans and the determination of the pi'oper boundary between them, and that the affidavit is filed for the purpose of aiding the establishment of the jurisdiction of the appellate courts.
 

 Under our jurisprudence, in the absence of other evidence showing the pecuniary amount involved in a lawsuit an affidavit of one of the parties as to such amount will be considered. Garrett v. Spratt et al., 131 La. 707, 60 So. 199; Murff v. Louisiana Highway Commission, 180 La. 664, 157 So. 383; Fontenot v. Ludeau et al., 190 La. 133, 182 So. 125; Frierson et al. v. Cooper, 196 La. 450, 199 So. 388. We have therefore considered the affidavit executed by defendant Natha-ñ Lomm and filed in the record.
 

 We do not, however, think that this affidavit is sufficient under the facts in this case to confer jurisdiction of this appeal upon this court, and, although the averment
 
 *536
 
 of the affidavit as to the amount involved may be true, it is nothing more than a conclusion of the deponent therein. It is evident that it was made solely and only for jurisdictional purposes and in no way discloses with any degree of certainty, nor does it even give an estimate of, what it would cost to remove the encroachments from plaintiff’s lot, which, as- we have stated above, is the test of jurisdiction in this case.
 

 The affidavit is nothing more or less than the opinion of the deponent. He gives no basis for this opinion, and no facts which led him to arrive at such conclusion. In our opinion, the cost of the removal of both the structural improvements and the movable encroachments could be determined with some degree of certainty, and appellants should have, or could secure, an estimate of what it would cost them in the event they should be compelled to comply with the judgment rendered in the court below.
 

 Having considered the entire record and also the affidavit made by appellant, Nathan Lomm, we are of the opinion that appellants have not discharged the burden of proving affirmatively that the amount in controversy is sufficient to confer jurisdiction upon this court.
 

 In Frierson et al. v. Cooper, 196 La. 450, 199 So. 388, the defendant filed in the Court of Appeal for the Parish of Orleans a motion to dismiss the appeal which had been lodged there by plaintiffs, on the ground that the Supreme Court had jurisdiction of the appeal because the right of which plaintiffs sought to deprive the defendant was worth more than $3,000. The Court of Appeal overruled this motion, and the defendant applied to this court for a writ of certiorari, which was granted. In this court relator filed two affidavits to the effect that the right involved in that case was in excess of $2,000. This court, in considering these affidavits and ordering the case transferred here, found ás a matter of fact that the affidavits so filed were explicit and set forth the value of the right involved therein with certainty — which the affidavit in the present case fails to do.
 

 For the reasons assigned, this case is ordered transferred to the Court of Appeal for the Parish of Orleans, provided that the record shall be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. The appellants are to pay the costs of this appeal to the Supreme Court; all other costs shall abide the final disposition of the case.