MOISE, Justice.
 

 In this suit the plaintiff seeks an accounting of revenues alleged to have been produced from the property belonging to the community of acquets and gains formerly existing between defendant and his deceased wife, plaintiff’s aunt, Mrs. Barbara Meisner Gruhler, and to be decreed
 
 *505
 
 the owner of
 
 “17A&
 
 interest of all property left as a residue” by Mrs. Barbara Meisner Gruhler. Plaintiff alleges that she acquired this
 
 17As
 
 interest partly by inheritance from her mother, now deceased, who was the sister of Mrs. Barbara Meisner Gruhler, and partly by purchase from other co-inheritors. A %8 interest in Mrs. Barbara Meisner Gruhler’s succession is still outstanding, and the owners thereof were not made parties to this suit.
 

 To the petition plaintiff annexed interrogatories to be propounded to the defendant, who thereupon filed exceptions of vagueness and of want of proper parties plaintiff, and prayed for oyer of the titles by which plaintiff claimed to have acquired her
 
 17As
 
 interest and for quashing of the interrogatories. On the trial of the exceptions, judgment was rendered decreeing oyer of the titles, quashing the interrogatories on the ground of generality, sustaining the exceptions of vagueness and want of proper parties plaintiff, and ordering the plaintiff to amend her pleadings with respect to all the defects complained of. Plaintiff was granted 20 days from the date of the judgment to comply with the prayer for oyer and to make the necessary parties plaintiff to the action, and upon her failure to comply with this order, her suit was dismissed. She has appealed.
 

 Although the appellee did not question our jurisdiction, it was observed by the Court during oral argument that it was very doubtful if we had jurisdiction of the matter in the absence of specific allegations and supporting proof in the record relating to any pecuniary amount that might be involved. Since the hearing of this case, appellant has filed an affidavit purporting to show that the amount involved falls within our jurisdiction.
 

 We have carefully examined this case and find that nowhere in the pleadings and the record as made up is it disclosed that the amount involved is in excess of $2,000.00, which amount would vest 'this Court with appellate jurisdiction hereof, a fact of which we are authorized to take cognizance
 
 ex proprio motu.
 
 See Green v. George, 213 La. 739, 743, 35 So. 2d 595, and the authorities therein cited.
 

 Admitting that a litigant, whether appellant or appellee, has the right to file an affidavit as to the pecuniary amount involved in a proceeding to establish proof of this Court’s appellate jurisdiction, where the record .itself does not disclose such jurisdiction, this Court has the same right to evaluate the affiant’s statements in such affidavit as it has to examine the record itself to ascertain if in fact the requirements to vest jurisdiction have been complied with. The mere filing of an affidavit alleging jurisdiction does not preclude the Court from exercising its customary scrutiny which it employs in relation to records wherein the formalities of pleadings have been observed. The instant affidavit alleges the existence of a sales agreement involving “a piece of real estate”; no description
 
 *507
 
 of the real estate is given, no reference is made to any appraised value thereof in the succession proceedings from which the present suit evolved, nor is the alleged sales agreement produced. The averments of the affidavit are mere legal conclusions of the affiant and do not establish with sufficiency proof of the amount involved.
 

 In New Orleans & Northeastern R. Co. v. Redmann, 210 La. 525, 27 So.2d 321, there was likewise nothing in the record relative to the pecuniary amount involved to show that the Court had appellate jurisdiction. One of the appellants filed an affidavit (after the submission of the case) "for the purpose of establishing to the best of his knowledge, belief, and opinion that the value of the property in litigation or the value of the right * * * sought to be established * * * exceeds the sum of $2,000 * * * and that the affidavit is filed for the purpose of aiding the establishment of the jurisdiction of the appellate courts.” What we said there is applicable to the instant case:
 

 “We do not, however, .think that this affidavit is sufficient under the facts in this case to confer jurisdiction of this appeal upon this court, and, although the averment of the affidavit as to the amount involved may be true, it is nothing more than a conclusion of the deponent therein. * * * The affidavit is nothing more or less than the opinion of the deponent. He gives no basis for this opinion, and no facts which led him to arrive at such conclusion. * * *
 
 Having considered the entire record and also the affidavit made by appellant
 
 * * *
 
 we are of the opinion that appellants have not discharged the burden of proving •affirmatively that the amtiount in controversy is sufficient to confer jurisdiction upon this court."
 
 210 La. at pages 534-535, 27 So.2d at page 324. (Italics mine.)
 

 Under the provisions of Act No. 19 of 1912, we are authorized to transfer the appeal to the court of appeal rather than dismiss-it. Plauche et al. v. Albert, 215 La. 776, 41 So.2d 677.
 

 For the reasons assigned, this case is ordered transferred to the Court of Appeal for the Parish of Orleans, provided that the record shall be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. The appellant is to pay the costs of this appeal and all other costs are to await the final disposition of the case.