PRAMPIN et al. v. SOUTHERN CHEMICAL WORKS, Inc., et al.

DIXIE LAND CO., Inc. v. BLYTHE et al.

Nos. 39262, 39263.

Dec. 11, 1950.

assignee of the Southern Chemical Works, Inc. brought suit against Joseph A. Blythe and the Prampins seeking to confirm its title against them. The suits were consolidated for trial. The lower court gave judgment annulling the tax sales and the Southern Chemical Works, Inc., Cortinas and the Dixie Land Co., Inc. have appealed.

■ Upon examination of the record, we find no proof as to the value of the property in controversy. There is no evidence in the record to indicate that we have appellate jurisdiction of these consolidated cases. On the hearing of the appeal, counsel were unable to point out any allegation, averment or evidence in the record establishing our jurisdiction. Since the hearing of the appeal, counsel for the Prampins has filed an affidavit of a real estate agent which is to the effect that in his opinion the property is worth $7500. This affidavit was filed with the view of establishing our jurisdiction. The affidavit is not sufficient to confer jurisdiction of the appeal upon this court. It is nothing more that a conclusion or an opinion of the deponent. He gives no basis for the opinion and no facts are set forth to support the conclusion. The litigants have failed to prove affirmatively that the amount in controversy is sufficient to confer jurisdiction upon this court. New Orleans & Northeastern R. Co. v. Redmann, 210 La. 525, 27 So.2d 321.

■ Under the provisions of Act No. 19 of 1912 we are authorized to transfer the appeal to the Court of Appeal. rather

Fred G. Veith, New Orleans, George P. Lessley, New Orleans, for appellants.

Connolly & Simoneaux, New Orleans, for plaintiffs-appellees.

PONDER, Justice.

Albert and Achille Prampin brought suit against the Southern Chemical Works, Inc. and Joseph M. Cortinas seeking to have a tax deed in favor of the Southern Chemical Works for the unpaid city taxes of 1932 annulled and to have a patent acquired by Joseph M. Cortinas from the State of Louisiana of property previously adjudicated to the State for unpaid taxes decreed null and void. The Dixie Land Co., Inc. an

than dismiss it. Plauche et al. v. Albert, 215 La. 776, 41 So.2d 677; Thalheim v. Gruhler, 216 La. 502, 43 So.2d 907.

For the reasons assigned, it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans provided that the appellant shall file the record in such court within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed.