ELLIS, Judge.
This is a partition suit by Isaac Haney against Gladys Dunn wherein the plaintiff alleges he owns an undivided one-half interest in a certain tract of real estate containing 53.385 acres located about 12 miles north of the City of Baton Rouge, Louisiana.
The defendant denies the plaintiff has any interest in the property whatsoever and claims to own the tract in its entirety.
The record herein is absolutely devoid of any evidence as to the value of the land in controversy. However, together with the brief of the plaintiff-appellee, there is a notarial act passed before the attorney for the plaintiff-appellee wherein Arthur M. Palmer, a real estate broker in East Baton Rouge Parish deposes that the property in question is worth considerably more than the sum of $2,000, and is at least *364 worth $6,000. This instrument is not marked filed and consequently cannot be considered as part of the record.
If this document had been properly filed it might be considered under the authority of New Orleans & Northeastern R. Co. v. Redmann, 210 La. 525, 27 So.2d 321, 324, and authorities cited. These cases held that such an affidavit could be considered in the absence of other evidence showing the pecuniary amount involved in a law suit However, we think, as the Supreme Court did in the cited case, that the affidavit referred to is insufficient to allow us of our own motion to transfer this cause to the Supreme Court, since it is “nothing more or less than the opinion of the deponent.”
 We must take notice ex proprio motu of our possible lack of jurisdiction, even though this question has not been raised either by motion to dismiss or transfer. Richland State Bank v. Brock, La.App., 177 So. 454; Herring v. Breedlove, La.App., 29 So.2d 188.
The minutes show that on February 9, 1953, on motion of the defendant, an appeal was granted to the Supreme Court. But on March 6, 1953, on motion of defendant, this order was annulled, and on July 31, 1953 an order of appeal on behalf of defendant was entered, returnable to this Court.
In this type of question the Supreme Court, in New Orleans & Northeastern R. Co. v. Redmann, supra, observed:
“In determining the question of jurisdiction, the rule is that the burden of proof is not on the appellee to show want of jurisdiction but on the appellant to prove the existence of jurisdiction as defined in the Constitution, article 7, § 10, or that the burden is on the appellant to show affirmatively that this court has jurisdiction, and this fact must affirmatively appear from the record. * * *”
It is ordered that this cause be remanded to the 19th Judicial District Court in and for the Parish of East Baton Rouge for the reception of evidence as to the value of the real estate in controversy. It is further ordered that the record herein plus the additional testimony, be returned to this Court within sixty days from the finality of this decree.