No. 12,982.

Gus A. Breaux vs. Galbert Bienvenu.

SYLLABUS.

Act No. 54 of 1896, authorizing owners of property situated as described therein to acquire by the expropriation proceedings fixed in the second and third sections of the Act the right to construct a road, tramway, ditches or canal as the exigencies of the case might require over the lands of his neighbors to the nearest public road, railroad or water course for the purpose of getting the products of such land to such public road, railroad or water course, if constitutional, is in derogation of general right and calls for very strict interpretation. The law does not apply to parties whose lands border upon a public road or stream by which the products of his plantation can reach a market under feasible though difficult conditions. The law does not take into account the inconveniences of the situation, nor the greater or less cost of reaching the railroads, the refineries or public centres of business or trade, but contemplates an absolute inability of doing so without the right of way being granted.

ON APPEAL from the Seventeenth Judicial District Court for the Parish of Lafayette. *De Baillon, J.*

*Orther C. Mouton* for Plaintiff and Appellant.

*C. D. Caffery, William Campbell* and *Crow Girard* (Parkerson & Tobin of Counsel), for Defendant and Appellee.

Argued and submitted December 23, 1898.
Opinion handed down February 20, 1899.
Rehearing refused March 20, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff in his petition alleged that he had built and then had a tramway road, of which he was the owner, with a right of way, said right of way running partly on the land of Galbert Bienvenu, as described in said petition. That being unable to agree as to the right of way for the said tramway, he applied to the police jury of the parish of Lafayette, under Act No. 54 of 1896, to assess the amount to be paid to said Bienvenu for said right of way, of which he was duly advised, which at its session of December 2nd, 1897, was, by said police jury, assessed at the sum of one hundred dollars, and petitioner, on the 31st day of December, 1897, tendered said amount to Bienvenu, which he declined to receive, and grant a deed for right of way as aforesaid.

That petitioner had the right under the law to keep his tramway on said land as it was originally built with the consent of Bienvenu, and that the latter was without right or warrant to enter upon said property or interfere with it. That in violation of his legal rights, Bienvenu had, since the amount was assessed and tendered him, entered upon said property wrongfully and illegally and was proceeding to injure and destroy the same, and he was entitled to have Bienvenu enjoined from committing any trespass or doing any injury to petitioner's tramway or any part thereof. He prayed for an injunction to that effect and that after due proceedings, petitioner be entitled to the right of way aforesaid for his tramway on his paying him the sum of $100. A preliminary injunction issued under order of court as prayed for.

Defendant excepted that plaintiff's petition disclosed no cause of

action; and that plaintiff was without right of action under the law; that his alleged possession of the strip of land belonging to defendant, was under and by virtue of a written lease to him by defendant, which lease expired by limitation on January 1st, 1898, and judgment evicting plaintiff therefrom had been rendered by the justice of the peace of the Third Ward of Lafayette, and plaintiff could not change the character of his possession.

That he was without right or cause of action because his action was one to divest defendant of his property for plaintiff's private benefit and gain; that Act No. 54 of 1896, under which he was proceeding, was unconstitutional, null and void, for the reason that it aimed to, and the purpose of it was, to divest the owner of his property, without due process of law, in violation of the Constitution of the State of Louisiana and of the United States. That its purpose was to divest vested rights and to take property for private benefit and gain; and that it confers judicial powers upon the police jury.

The District Court overruled the exception of no cause of action, and referred the balance of the exception to the merits to stand as an answer with leave to defendant to amend the same.

Defendant answered, pleading first the general issue; further answering he averred that Act No. 54 of 1896 was unconstitutional, null and void, but if constitutional the same had not been complied with by the police jury of Lafayette parish in the alleged attempt to take the land of this defendant; that there was no due hearing of both parties; that they did not fix the dimensions of the land to be taken, nor the value thereof and other provisions of the same were not complied with, and that the alleged action of the police jury was otherwise vague, indefinite and insufficient.

Further answering, defendant averred in the event the foregoing pleas be overruled, that as admitted by plaintiff, he (plaintiff) did not come within the terms, nor was he, in any manner entitled to the provisions of said Act No. 54 of 1896, but, on the contrary, his place fronted upon a public road on one side, and the Bayou Vermillion on the other, besides having another road to reach the public road.

Defendant specially pleaded that he objected to the entry of plaintiff upon his place; that by so doing said plaintiff would cause him actual damages in the sum of five hundred dollars.

He further pleaded that this suit having for its object the taking of private property for private gain, was illegal, oppressive and vexatious,

44

causing harrassment and loss of time to defendant, for which he was liable to defendant in the sum of one hundred and fifty dollars, and for which defendant should have judgment.

He further alleged that he therewith tendered bond in the sum of ——————————— dollars, or in such amount as might be fixed by the court, and the sum of twelve dollars in cash, and that under the law he was entitled to trial by jury herein.

The premises considered, defendant prayed that he have judgment rejecting the demand of plaintiff, and for one hundred and fifty dollars.

Defendant filed afterwards a supplemental answer, in which he averred, "that the tramway described in plaintiff's petition, was built upon defendant's land under and by virtue of a contract, a copy of which was annexed, and made part thereof." Defendant further averred said contract expired by limitation on the 1st day of January, 1898. That not wishing to renew said contract, he notified plaintiff to vacate said property, but that he refused to do so. That defendant objected and had objected to the use and occupation of his land by plaintiff beyond the term of said contract.

In view of the premises, he prayed that, "said contract be decreed to have expired by limitation on January 1st, 1898, and plaintiff be ordered to vacate the property of defendant which he holds thereunder, and that defendant have possession of the same."

The case was tried before a jury who returned a verdict in favor of defendant, and thereupon the court rendered judgment in favor of the defendant, dissolving the injunction which had issued in the suit, and rejecting plaintiff's demand.

It further decreed and ordered that the plaintiff remove his tramroad from defendant's land as prayed for. Plaintiff appealed.

## OPINION.

Act No. 45 of 1896, on which plaintiff based his rights, provides that in all cases where the owner whose lands are enclosed or entirely surrounded by lands of another, or others, and where the lands thus enclosed or surrounded do not front upon a public road, railroad or water course, and who has no right of way to the nearest public road, railroad or water course, such owner shall have the right to construct a road, tramway, ditches or canal as the exigencies of the case may re-

quire, over the lands of his neighbors to the nearest public road, railroad or water course, for the purpose of getting the products of such land to such public road, or for the purpose of drainage, railroad or water course in the manner, and from and under the conditions fixed in the second and third sections of the Act.

Those sections provide that whenever a party owning lands as stipulated in the first section, desires to construct such roadway, tramway, ditches or canals, he shall present his petition to the police jury of the parish where the land to be traversed is situated, or where the lands lie partly in one parish or partly in another, to such police jury where most of the property is situated, stating whether he desires to construct a roadway, tramway or canal; whereupon said jury after due hearing of both parties in interest shall decide in open session by a majority vote of the members present, whether he shall be permitted to construct a roadway, tramway, ditches or canal, and fix the dimensions thereof, and said jury shall, at once, proceed to assess the amount to be paid to the owner of the land for the privilege of constructing such roadway, tramway, ditches or canal, which shall, in no case, be less than three times the assessed value of the land traversed, nor more than three times the assessed value. In computing and fixing such valuation the said police jury shall count a lineal acre as a whole acre. That on payment to the owner of the land to be traversed by the party seeking said right of passage, of the amount assessed by the police jury as above provided to be evidenced by the receipt in writing of the party whose land is to be traversed, and on production of such receipt to the president of the police jury, such officer shall grant a permit in writing to such party who shall be at once authorized to proceed to construct such roadway, tramway or canal as the case may be, provided that work thereon be begun within one year from date of permit, otherwise all rights shall be forfeited.

The evidence shows that the plaintiff is the owner of a certain sugar plantation in the parish of Lafayette. That a public road runs along a part of the tract and that his lands border also to a certain extent on Bayou Vermillion; that by means of this road and this bayou he has access to the town of Lafayette, the Southern Pacific Railroad, and the Lafayette Sugar Refinery, but by longer lines than would be required to reach the same points by a tramway crossing certain lands of his neighbors' intervening between his property and the points mentioned. That the plaintiff cultivates and sells cane to

the Lafayette and Caffery Refineries, which are situated on the line of the Southern Pacific Railroad; that the cost of delivering his cane to those refineries by the public road or by the bayou are much greater than by a tramway such as has been mentioned.

That in 1893, plaintiff, by reason of said increased cost which he testified would make the cultivation of cane at that point really unremunerative, sought and obtained from his neighbors (among them the defendant) the right to construct and operate a tramway over their respective lands so as to connect his property with the points mentioned. That the right granted to that effect by the defendant was evidenced by a written act between the parties, and by the terms of the agreement the right was to expire by limitation on the 1st of January, 1898. That defendant several months before the expiration of this stated period, notified the plaintiff that he would not renew the privilege and called on him to remove the tramway at the expiration of the grant of right of way.

That defendant on one or more occasions refused positively to renew the grant, and finally instituted legal proceedings before a justice of the peace to force plaintiff to remove the tramway and vacate the premises. That that proceeding culminated in a judgment, ordering the plaintiff to remove the tramway and to give possession to Bienvenu; that on appeal to the District Court that judgment was set aside upon the ground that the matters and issues raised were involved in the present proceeding, which was then pending in the District Court.

The evidence shows that the lands of the defendant do not join those of the plaintiff; that the tramway which had been constructed crosses the properties of several of plaintiff's neighbors before it reaches defendant's property.

The exigencies of this case do not call for any expression of opinion whether it is within the power of the General Assembly to authorize the expropriation of the lands on one person for the exclusive benefit or convenience of another where there is no element of public or general interest involved in the expropriation and whether if it has such power it has the right to refer to the police jury instead of to the judicial tribunals the adjudication of the rights and obligations of the parties. The testimony discloses the fact that plaintiff's plantation is not so situated as to make the provisions of the Act of 1896 applicable to it. That act is in derogation of general right and calls for a very

strict interpretation. Plaintiff's land borders upon both a public road and a stream by which the products of his plantation can reach a market, under difficulties, perhaps, but none the less, under feasible conditions. The law does not take into account the inconvenience of the situation nor the greater nor less cost of reaching the railroads, refineries or the public centres of business and trade, but contemplates an absolute inability of doing so without the right of way sought to be expropriated.

We are of the opinion that the judgment appealed from is correct, and it is hereby affirmed.