(35 South. 536.)

No. 14,841.

STATE ex rel. LEWIS v. FOSTER, Judge, et al.

(June 8, 1903.)

COURTS—JURISDICTION—WAY OF NECESSITY—APPEAL—REVIEW—CERTIORARI—JURISDICTION OF COURT OF APPEAL.

1. Plaintiff, whose lands are enclaved by those of defendant, sued defendant for a road, and from an adverse judgment appealed to the Court of Appeal, which gave him judgment

for the road, and remanded the case for fixing the amount to be paid to defendant. Defendant then excepted to the jurisdiction of the district court on two grounds: First, that the police jury alone has jurisdiction of the matter of granting a road such as was asked for; and, second, that the amount in dispute was not fixed by either the pleadings or the evidence, and that consequently the Court of Appeal had been without jurisdiction. The district court overruled the exception, and defendant applied to the Supreme Court for prohibition to the district judge and the plaintiff. Held, first, that while, possibly, there was no law authorizing the courts to grant the demand of the suit, yet that the demand, if sufficient in amount, was one of which the courts have jurisdiction, and that after final judgment it was too late to inquire into whether or not there was any law justifying the action of the court, and especially that the judgment of the Court of Appeal could not be reviewed by means of a writ addressed to the district judge; second, that as the matter was one apparently sufficient in amount to confer jurisdiction, and no exception to jurisdiction was filed, the Court of Appeal was justified in entertaining jurisdiction, and that in such a case it is too late after final judgment to inquire into the question of value.

On Rehearing.

2. A judgment of nonsuit was rendered against plaintiff in an action which he had brought asking a right of way over defendant's property. He appealed to the Court of Appeal. That court reversed the judgment below, and gave judgment for the right of way, and remanded the case to the district court for assessment of damages. On the return of the case, defendant excepted that the judgment of the Court of Appeal was a nullity, as that court had no jurisdiction of the appeal; that the district court itself has no jurisdiction, as under Act No. 54, p. 88, of 1896, proceedings of that character had to be presented to, and disposed of by, the police jury. No exception of jurisdiction in either court had been made up to that time. The district court overruled the exceptions, but without assigning reasons. Defendant then applied to the Supreme Court for writs of certiorari and prohibition. On a rule to show cause, the district judge returned that it was not admissible for the district court to question the jurisdiction of the Court of Appeal; that the district court itself had original jurisdiction, as Act No. 54, p. 88, of 1896, was unconstitutional. Held, relator could test the validity and legality of the judgment of the Court of Appeal by proceedings by certiorari directed to the Court of Appeal, not by certiorari to the district court. The district court correctly refused to pass upon the question of the jurisdiction of the Court of Appeal. The district court having sustained its own original jurisdiction by declaring the law advanced in bar of that jurisdiction unconstitutional, the correct-

ness of that ruling should be tested under the appellate, not the supervisory jurisdiction of the Supreme Court. Relator's right to present the question of the jurisdiction of the district court in a future proceeding is reserved.

(Syllabus by the Court.)

Application by the state, on the relation of John B. Lewis, for writ of prohibition to T. Don Foster, judge of the Nineteenth Judicial District Court, and another. Denied.

Louis Octave Hacker and Foster, Milling, Godchaux & Sanders, for relator. Burke & Burke, for respondents.

PROVOSTY, J. Plaintiff, whose lands are enclaved by those of defendant, sued for a right of passage over the land of defendant to the public road. He prayed that he have judgment locating this road, and condemning defendant to grant him the same, and transferring to him all necessary rights, title, and interest to the space of land occupied by the same, and fixing the amount he should have to pay to defendant. The district court rejected his demand. On appeal the Court of Appeal reversed the judgment of the district court, gave him judgment, and remanded the case to the district court for the fixing of the amount to be paid defendant. Defendant then filed an exception to the jurisdiction of the court ratione materiæ, on the grounds, first, that jurisdiction of the subject-matter of the suit was confided by law to the police jury, and that the police jury alone had jurisdiction of it; second, that the amount involved was below the jurisdiction of the court. The district judge overruled the exception, assigning as his reason that he could not refuse to obey the decree of the superior court, which gave him directions in the premises, and that, besides, the act of the Legislature giving to the police jury jurisdiction of the subject-matter of the suit is unconstitutional, in that "it seeks to deprive the judiciary of the functions given to it of determining between man and man as to the legality of their claims, titles, and demands, and transfers to other agencies the determination thereof." The defendant has applied to this court for writs of prohibition to the judge and the plaintiff, restraining them from proceeding further in the cause.

Defendant argues that articles 699 and 700 of the Civil Code, upon which plaintiff's suit is founded, have been repealed by Act No. 54, p. 88, of 1896; that a passage across a neighbor's land cannot now be obtained, except under and by virtue of the provisions of this Act No. 54; and that by this act the jurisdiction to determine whether a passage shall be given, and what shall be paid for it, is taken away from the courts, and confided exclusively to the police jury. All this may be true, but is not defendant too late in raising the question after plaintiff has obtained a final judgment upon his demand? Granting that plaintiff has asked a thing under and by virtue of a law that has been repealed, and that the court has granted him something to which he was thus entitled, is the judgment any the less for that reason his property, or may we review this judgment of the Court of Appeal by means of a writ addressed to the district court? Let us suppose that, instead of contenting himself with the modest demand of a road, plaintiff had demanded defendant's entire plantation, basing his demand upon some alleged right on the part of one neighbor to expropriate his neighbor's entire plantation upon making due compensation therefor, and that the court had sanctioned the demand; could this court review the judgment in the manner here attempted? It might be an outrageous judgment, but can outrageous judgments of the appellate courts be reviewed by means of writs of prohibition to the judges of the trial courts? We imagine not.

No doubt a judgment coram non judice may by appropriate writ be arrested at any stage of the proceedings, but was this judgment of the Court of Appeal of that character? The demand was that defendant be required to surrender a given portion of his land, and receive in return therefor a sum to be fixed by the court. Perhaps the demand was one which could be legally formulated only before the police jury, and which before the district court was utterly unfounded in law; but, such as it was, it was one of which, provided the amount involved was sufficient, the district court and the Court of Appeal most assuredly had jurisdiction.

Was the amount involved sufficient to confer jurisdiction on the court? Defendant says there is no allegation of value, and

that the only proof of value is the testimony of one witness to the effect that the five acres of land to be taken are worth $3 per acre, which would· make a total of $15, whereas the amount really involved can be shown to exceed $2,000. In the absence of any motion to dismiss for want of jusidiction ratione materiæ, the court was justified in assuming that the value of five acres of land, to be taken for the purposes of an ordinary plantation road, did not exceed $2,-000, even with the addition of any probable damages to defendant's plantation. The court was also justified in supposing that the expropriation of a road might well involve more than $100. By appealing to the Court of Appeal the plaintiff practically admitted that the defendant was entitled to more than the amount of the lower jurisdiction of the court; and, on the other hand, defendant, by not excepting to the jurisdiction of the court ratione materiæ, practically admitted that the amount plaintiff should be required to pay for the road did not exceed the upper limit of the court's jurisdiction. Although a court should not entertain jurisdiction in a case where it has none, yet it need not be finical about it. If it apparently has jurisdiction, and no one objects, it may entertain jurisdiction; and after final judgment it will be too late to institute an inquiry into the question of value. In the present case the amount involved was apparently sufficient to confer jurisdiction, and even now nothing shows that it was not.

"Only when it is made evident that jurisdiction has been illegally assumed, this court will interpose its prohibitive authority." Coltharp v. Holmes, 43 La. Ann. 1186, 10 South. 172.

The rule nisi is discharged, and the application for prohibition is denied, at the cost of the relator.

### On Rehearing.

### (Jan. 4, 1904.)

### Statement of the Case.

NICHOLLS, C. J. George D'Albor filed a petition in the district court for the parish of Iberia, in which he alleged that he was the owner of certain tracts of land, which he described; that they were fit and useful for agricultural and grazing purposes, and really formed part of a plantation belonging to him, which he also described, and averred to be shown by a plat and sketch annexed to his petition, and that the former tracts were surrounded by lands of the present relator, John B. Lewis, and there was no way by which he could have access to the same from any public road within his reach; that he was entitled to a right of passage across the lands of Lewis to go to and from said lands, in a manner which he set out as being right and proper. He alleged that he had requested Lewis to accord him the right of passage required, and offered to pay him what was fit and proper, but he refused to accede thereto, and he was forced to have recourse to judicial proceedings to obtain the same.

He prayed that Lewis be cited, and that there be judgment ordering him to grant the right of way as set forth, and setting out and defining said right of way, and transferring all right, title, and interest therein to the fullest extent allowed by law, upon the payment to him of such sum as might be fixed and determined as proper compensation therefor.

Lewis filed a general denial, and the case went to trial upon evidence adduced.

The district court rendered judgment, in which, reciting that the law and the evidence being favorable to the defendant and against the plaintiff, George D'Albor, he failing to make out his case, it was by reason thereof adjudged and decreed that plaintiff's suit be dismissed as of nonsuit.

The plaintiff, D'Albor, appealed to the Court of Appeal.

That court reversed the judgment of the district court, and rendered judgment in favor of the plaintiff against the defendant, decreeing him entitled to a right of passage over the estate of the defendant along certain red, dotted lines, as indicated on the map filed in the record, and further ordering that the case be remanded to the district court to determine the amount of indemnification to which defendant might be entitled for the damage caused him according to law.

When the cause returned to the district court, the defendant Lewis filed an excep-

tion that that court was without original jurisdiction ratione materiæ to hear and determine the issues raised in the suit, or to assess damages as ordered by the judgment of the Court of Appeal, as Act No. 54, p. 88, of the Acts of the Legislature for the year 1896, provides the mode and manner of assessing damages in securing rights of way, etc., and the court therefore had no original jurisdiction whatever to hear and determine this controversy, and the Court of Appeal was without jurisdiction to render the judgment herein, or order the district court to try said issue. He prayed that the action be dismissed for want of original jurisdiction ratione materiæ.

The district court overruled the exception, assigning no written reasons. The present application for writs of certiorari and prohibition followed.

In this application relator avers, among other matters of complaint, that there was no allegation in the petition of plaintiffs to the effect that the matter had been submitted to the police jury, or that the amount in dispute, or the fund to be distributed, exceeded the sum of $100 and was less than $2,000; that there was no evidence in the record whatever to show that the amount in dispute or the fund to be distributed exceeded the sum of $100, and for these reasons the Court of Appeal had no jurisdiction to hear and determine the cause, and its judgment was an absolute nullity, and should not in any manner be enforced; that he proposed to institute a suit for the annulment of said judgment, and to permit the district court to proceed to enforce its execution would be to cause him to suffer great and irreparable damage and injury, cause him to be deprived of the property without due process of law, and to take his private property and give it to another without just compensation and without right.

The district court was ordered to send up the record of the case, and to show cause why the writs asked for should not issue. The record was sent up, and the district judge, after reciting what had previously occurred, and that the judgment of nonsuit rendered by the district court had been reversed by the Court of Appeal and remanded, with specific instructions, averred that the district judge was bound to assume that the Court of Appeal had taken proper cognizance of the jurisdictional issue, and it was not the province of the district judge to refuse to give due obedience to the decree of a superior court, especially when its proceedings were not before the court; that, if any writ should issue in the premises, it should have been to the Court of Appeal, and, as long as its decree stood, it had to be obeyed by the district court.

That, in so far as concerns the allegation of the relator, that the district court was divested of authority because Act No. 54, p. 88, of 1896, repealed articles 699 and 700 of the Civil Code. Respondent averred that said act was unconstitutional, in that it sought to deprive the judiciary of the functions given to it of determining between man and man as to the legality of their claims, titles, and demands, and to transfer the determination thereof to other agencies.

### Opinion.

The authority of the Court of Appeal to have entertained the appeal taken to it in the matter of the suit of D'Albor against Lewis is not properly presented to us for adjudication in the exercise of our supervisory powers in a proceeding directed against the district court. If relator was entitled to the exercise of such jurisdiction at all by this court, he should have applied for a writ of certiorari directed to the Court of Appeal, not to the district court. The district court acted correctly in declining to itself question the jurisdiction of its own appellate court. We decline to consider the present application in so far as it seeks to have this court review, under its supervisory powers, the overruling by the district court of relator's exception to its original jurisdiction on the ground assigned, that the provisions of Act No. 54, p. 88, of 1896, provided the only mode and manner of assessing damages in securing rights of way, etc., through proceedings before the police jury. The district court, in overruling that exception, assigned no written reasons. As that court, in the present proceedings, urges the unconstitutionality of that act, we presume its action was based upon that view of the situation. If that was in fact the ground of its

action, relator's remedy was by appeal, not by certiorari and prohibition. We have no doubt the district judge will, on application by relator to him, assign in detail and in writing his reasons for overruling the plea to the original jurisdiction, or assign the same in the final judgment, which he will still have an opportunity for testing by appeal. As to the constitutionality of the law of 1896, in declining to pass upon that question in the present proceeding, we reserve to the relator any rights it may have to do so in the future. We may say incidentally that the district court unquestionably had jurisdiction over the suit, in so far as the value of the matter in dispute was concerned. The district court has jurisdiction, under article 109 of the Constitution of 1898, "in all other cases where no specific amount is in contest."

We see no reason for altering the judgment we have heretofore rendered in this case, and the same is decreed to remain in full force and effect, under reservation of any other rights or remedies which he may have in the premises.