HARDY, Judge.
This is a suit--by ■ four plaintiffs claiming specified amounts for materials fur *554 nished and labor performed on property belonging to the defendant, Mildred Vance. From a judgment partly in favor of plaintiffs and partly in favor of defendant, the latter has appealed.
The pleadings are somewhat involved and it becomes necessary to set them forth in some detail. The suit was instituted by J. M. Russell, who prayed for recognition of his privilege for lumber and materials furnished and for the maintenance and enforcement of a materialman’s lien filed against property of the defendant, described in the petition; J. F. Flanagan, who prayed for a personal judgment, together with recognition of his laborer’s lien against the property described; J. M. Quarles, who prayed for a personal judgment against defendant, together with recognition of his laborer’s lien against the property, and M. L. Langley, who prayed for recognition of his laborer’s lien. Defendant first filed an.exception of vagueness, which was sustained, and an amended petition was filed in compliance with the order of the court. Issue was joined by answer of defendant in the nature of a general denial, coupled with a «conventional demand against the plaintiff, Flanagan.
The case was tried on December 16, 1955, and on May 25, 1956, plaintiffs filed a supplemental and amended petition praying for personal judgments in favor of each of the named plaintiffs and against the defendant. The sole allegation of the amended petition reads as follows:
“That in the event the Court finds from the evidence that there was a contract entered into between Mildred Vance and J. F. Flanagan, either written of oral, and that said contract was not timely recorded, that there be judgment herein in favor of the plaintiffs and against the said defendant in the amount sued for, being personal money judgments, as well as the recognition of their respective liens, all under the provisions of [LSA-] R.S. 9:4812.” •
After hearing argument the district judge refused the allowance of the supplemental and amended petition and rendered judgment (1) dismissing the demands of plaintiff, Flanagan, against defendant; (2) dismissing defendant’s reconventional demand against the plaintiff, Flanagan; (3) in favor of J. M. Quarles in the sum of $111.-25, together with the maintenance and enforcement of the laborer’s lien in favor of the said Quarles; (4) in favor of the plaintiffs, Russell and Langley, maintaining and enforcing their respective material and labor liens; and (5) recognizing the privileges of plaintiffs, Quarles, Langley and Russell, resulting from their liens and ordering the property seized and sold for the satisfaction of the claims of said plaintiffs by preference and priority.
From the above judgment defendant perfected a suspensive and devolutive appeal. An answer to the appeal was filed on behalf of Russell, Langley, Quarles and Flanagan, which answer prays for the amendment of the judgment by allowi*g the filing of the supplemental and amended petition, the rendition of personal judgments in accordance with the prayer thereof, and the casting of all costs against the defendant.
Concededly the rights of the plaintiff, Flanagan, who did not appeal from the judgment rendered, are not at issue.
We first undertake consideration of the question of allowance of plaintiffs’ amended and supplemental petition, which was denied by the district court. The basis of the amendment is found in the above quoted allegation. We think it should be noted that this supplemental pleading was tendered almost six months after trial of the case, which trial failed to develop any issues which could not have been reasonably anticipated upon the basis of the original pleadings. Plaintiffs’ 'original petition alleged the existence of an agreement for construction work between plaintiff, Flanagan, and defendant, Mildred Vance, upon property owned by the latter. Defendant’s *555 exception of vagueness and the anwer thereto squarely presented the oral nature of the alleged agreement and it therefore followed that such an agreement could not have been the subject of recordation. Defendant’s answer averred the existence of an oral contract or agreement between herself and the plaintiff, Flanagan. On the basis of these pleadings it is evident that plaintiffs were thoroughly familiar with the character of the defense and if they so desired they might at any time have' tendered a supplemental petition which would have changed the nature of their prayer for relief from one which was exclusively in rem to one which was personal as well. This action they failed or neglected to take, and we can perceive of no reason which would justify the unseemly delay in tendering the amended pleading, which was, as we have above observed, offered almost six months after.the case had been completely tried.
While it is quite clear from recent jurisprudence that our courts are inclined to a liberal attitude toward amendments, it is equally true that action with respect to the allowance or refusal of amended pleadings lies within the sound discretion of the trial court. Action with respect to proffered amendments is not to be disturbed except in instances where the abuse of this discretion is manifest and indicates the probability of resulting injustice. Thomas v. Leonard Truck Lines, La.App., 7 So.2d 753; King v. Burris, La.App., 57 So.2d 779.
We are unable to discern any abuse of discretion or to perceive the likelihood of any injustice as the result of the ruling disallowing the supplemental and amended petition.
On the merits the record before us evidences an irreconcilable conflict between the testimony of plaintiffs and defendant and their respective witnesses. Plaintiffs testify positively as to the furnishing of materials and the performance of labor, and we think the evidence preponderates in favor of the claims of Russell, Langley and Quarles. Defendant strbngly urges her rights under an oral agreement with the plaintiff, Flanagan. We believe that defendant has successfully established the •existence of such an agreement. Her testimony to the effect that Flanagan engaged to perform certain work for a contract price of $4,200 is supported by the testimony of a representative of a reputable mortgage loan house, doing business in the City of Shreveport. We are convinced that this business establishment would not have made a loan commitment to the defendant in the absence of assurances on the part of Flanagan. However, we do not find that the agreement between defendant and Flanagan affects the right of the other plaintiffs to a recognition of their, liens and the privileges accorded thereunder. These plaintiffs succeeded in establishing the basis of their claims. They did furnish materials and labor on defendant’s property, and the filing of liens for the protection of their claims entitles them to recognition of the privileges accruing therefrom.
As to the merits of the respective contentions of Flanagan and defendant, we find the testimony of both parties to be so vague/conflicting and unreliable that it is insufficient to support the claims of either party. There can be little doubt as to the conclusion that Flanagan defaulted on his contract, but the extent of this default and the consequent rights of defendant are not definitely established by the evidence. Under these circumstances, we can find no justification for any amendment of the judgment appealed from. *
Finally, the question of costs, which were not apportioned by the judgment of the district court, has been made an issue on this appeal. Certain suggestions are made in brief on behalf of plaintiffs*-appellees, which we do not find to be practicable. An attempt on the part of am appellate court to pursue an involved com *556 putation with respect to the number of pages of the transcript of evidence which were necessitated by each of the conflicting demands; to examine the original court costs as charged to each of the plaintiffs, would entail a labor of such magnitude, detail and possibility of error, as would be out of all proportion to its purpose. The assessment of costs is discretionary with appellate tribunals. In the instant case, since both plaintiffs and defendant have been partially successful, we think it both reasonable and appropriate that the costs be equally divided.
For the reasons assigned the judgment appealed from is amended by taxing costs of both courts one-half against plaintiffs, in solido, and one-half against defendant, and, as amended, the judgment appealed from is affirmed.