103 So.2d 541 (1958)
Hubert BROWN
v.
Raymond L. TERRY.
No. 4620.
Court of Appeal of Louisiana, First Circuit.
May 26, 1958.
Rehearing Denied June 30, 1958.
*542 LeCompte, Hall & Coltharp, DeRidder, for appellant.
Kay & Kay, DeRidder, for appellee.
ELLIS, Judge.
The plaintiff, owner of a five acre tract, completely enclosed by the lands of others, is seeking a gratuitous right of passage across the defendant's contiguous tract under *543 the provisions of Article 701 of the LSA-Civil Code of Louisiana. An alternate plea is made under the provisions of LSA-Civil Code Articles 699 and 700 for the right of passage sought upon the adequate compensation. Upon the allegation that the defendant had closed a passage way already existing, the plaintiff also seeks a mandatory injunction to have the defendant remove an obstruction placed upon the passage way and to prevent any further interference with the right of plaintiff to use said passage way.
Pending a trial upon the merits a stipulation was made which formed the basis of a judgment granting a preliminary writ of injunction and allowing the plaintiff to use the passage way upon certain conditions contained in the stipulation.
An exception of no right and no cause of action was filed based upon the failure of the plaintiff to allege or affirmatively show a formal and legal tender of compensation to the defendant prior to the filing of the suit, which exception was referred to the merits. Answer was then filed with full reservation of the rights of the defendant under the exception and the case was tried and submitted.
Prior to judgment the defendant filed an exception, ratione materiae, to the jurisdiction of the court based upon the ground that by the passage of Act 54 of 1896, as re-enacted in Section 731 et sequitur, of title 48 of the LSA-Revised Statutes of 1950, Articles 699 and 700 of the LSA-Civil Code were superseded and that such a right of passage as is herein sought by the plaintiff can now be granted only by the governing body, or police jury of the parish where the land is located.
The lower court rendered a decision rejecting the demand for an injunction and gratuitous right of passage, granting plaintiff a right of passage under LSA-Civil Code Article 699, conditioned upon the payment to the defendant of the sum of $573.25, and this judgment ordered the plaintiff to pay all costs because of his failure to make a tender of any compensation previous to the institution of this suit.
Both parties made application for and were granted rehearings, after which the lower court rendered and signed a judgment maintaining the exception of no right and no cause of action upon the basis there was no allegation in the petition nor any proof of any tender or compensation having been made by the plaintiff prior to the filing of the suit, which judgment dismissed the plaintiff's suit.
From this judgment the plaintiff has suspensively appealed.

Plea to the Jurisdiction
It is necessary to decide the merits of this plea first since if it be good the other issues cannot be considered.
The lower court in written reasons disposed of this plea as follows:
"The Statute upon which the plea is based, as reenacted in [LSA-] R.S. 48:XXX-XXX-XXX, provides, in substance, that the owner of enclosed land, not fronting on a public road, shall present his petition to the governing authority of the parish, who, after due hearing of both parties in interest, `shall decide' by a majority vote whether the applicant shall be permitted to construct the road `and shall fix the dimensions thereof, and shall immediately proceed to assess the amount to be paid the owner of the land for the privilege of constructing * * *' the road.
"Plaintiff's principal opposition to the plea is based on the contention that the 1896 Act, as well as [LSA-] R.S. 48:731, 732 and 733, are unconstitutional because they attempt to confer judicial powers upon the Police Jury. Exceptor contends that constitutional authority exists for the action of the Legislature in Section 37 of Article 3 of Constitution of 1921 [LSA], which provides: `The Legislature shall have the right by general *544 laws to provide for the granting of private rights of way for roads of necessity * * * provided adequate compensation be first paid'.
"The State Constitution is not a grant of power to the State Legislature, as is the Federal Constitution a grant of power to the Federal Congress, but it is a limitation of power. In other words, while Congress has only such power as the Federal Constitution specifically, or at least by implication, confers upon it, the State Legislature is supreme, in all cases, where there is not an express or necessarily implied limitation of its power by the Constitution. Kemp v. Stanley, 204 La. 110, 15 So.2d 1; Cobb v. Parnell, Governor, [183 Ark. 429] 36 S.W.2d [388] 389; State [ex rel. Porterie] v. Smith, 182 La. 662, 162 So. 413. Therefore, in the absence of a constitutional prohibition, the Legislature had the power to adopt Articles 699 and 700 and 701, providing for the granting of private rights of way, even though Section 37 of Article 3 of the 1921 Constitution was contained in none of the former Constitutions, and, irrespective of that Section of the present Constitution, it had the authority, to enact [LSA-] R.S. 48:731 et seq. unless its power to do so is specifically, or by a necessarily implied limitation, prohibited.
"The powers of the State Government are divided into three distinct departments, legislative, executive and judicial. Sec. 1, Article 2, Const.1921. No one of these departments, nor any person or collection of persons holding office in one of them shall exercise power properly belonging to either of the others, except in the instances herein expressly directed or permitted. Section 2, Article 2. In Section 1 of Article 7 it is provided that `The judicial power shall be vested in a Supreme Court and * * * in District Courts * * *'. The term `judicial power', as used in the Constitution is generally construed to mean the power which `adjudicates' upon and protects the rights and interests of individual citizens and applies the law. Cooley Constitutional Law, Limitations, Words & Phrases, Verbo, Judicial Power, Vol. 23, page 306; Land Owners v. People, 113 Ill. 296, 309; People [ex rel. Kern] v. Chase, [165 Ill. 527], 46 N.E. 454, 36 L.R.A. 105. Judicial power can exist only in Courts. Illinois Life Ins. Co. v. City of Chicago, 244 Ill.App. 185.
"It seems clear to this Court that when, in the enactment of Act 54 of 1896, and its re-enactment in the [LSA-] Revised Statutes of 1950, the Legislature attempted to confer upon the Police Jury the power to decide between private individuals, whether one should have the right to construct a private road over the lands of others, decided the dimensions of such a road and decide the value of that right, it clearly attempted to confer upon the Police Jury a power clearly reserved to the Courts by Section 1 of Article 7 of the Constitution. To force the enclosed owner to submit his case to the Police Jury or to force the owner of the land over which the right is sought to submit his defense to that body, would be a distinct denial of the due process clause of Section 6 of the Bill of Rights.
"That the right sought herein is a real right must be and, in fact, is conceded. Section 35 of Article 7 of the Constitution provides `The District Courts * * * shall have original jurisdiction * * * and in all cases where the title to real estate * * * are (is) involved * * *'. To attempt to confer jurisdiction upon the Police Jury to adjudicate such a right is clearly a violation of that provision of the Constitution.
"So far as the Court has been able to find, or has had pointed out to it, the *545 only two cases that have reached the Supreme Court, that have involved, in any way, Act 54 of 1896, during the 61 years of its life, as re-enacted by the Revised Statutes are Breaux v. Bienvenue [Breaux v. Bienvenu, 51 La. Ann. 687] 25 So. 321 and State ex rel. Lewis v. Foster, 111 La. 241, 35 So. 536. In the first of these, the plaintiff proceeded under the act, and the defendant pleaded its unconstitutionality, which plea, the District Court overruled, but denied plaintiff's prayer. The Supreme Court, saying that the exigencies of the case did not call for an expression of opinion as to the validity of the Act maintained the judgment of the lower court on the facts. In the Lewis v. Foster case, the proceedings were brought under the Codal Articles and the right demanded by plaintiff was denied by the District Court. On appeal to the Court of Appeal the lower court was reversed, the right granted and the case remanded to the lower court to fix the value. The defendant then filed in the District Court a plea to the jurisdiction ratione materiae, on the grounds that the Codal Articles were repealed by Act 54 of 1896, and the matter involved was solely in the jurisdiction of the police jury. The plaintiff, in answer to that plea, pleaded the unconstitutionality of the Act in question. The plea was overruled and the exceptor applied to and obtained from the Supreme Court a writ of certiorari and prohibition to the District Court. That Court made return on the rule that it was merely following the mandate of the Court of Appeal, whose judgment it could not question, and that both had jurisdiction because the Act was unconstitutional. The Supreme Court, recalling the writs, specifically declined to pass upon the Constitutionality of the Act, basing its judgment on the fact that the writs could not be directed to the District Court to review a judgment of the Court of Appeal.
"The fact that the Supreme Court and the Courts of Appeal of the State have repeatedly, since the passage of the 1896 Act, and its re-enactment in 1950, adjudicated rights of litigants under Articles 699 and 700 of the Code, is very strongly indicative of the fact that they consider that those articles are still in effect. The rule of law that all Courts can, and, in fact, must, take notice, on their own motion, even in the absence of plea, of their own lack of jurisdiction, is too well established to require citation of authority. So, it must be conceded that had the Courts of last resort of this State considered, during the past 61 years, that Act 54 of 1896 or its reenactment in 1950, was constitutional, or had the effect of repealing the mentioned Codal Articles, they would have, ex-officio, noticed their lack of jurisdiction to adjudicate rights arising under those Articles.
"Counsel for plaintiff point out that Article 699 was re-enacted in 1916 by Act 197, and from this argue that even if Act 54 of 1896 did repeal the original Article 699, the re-enactment of the Article would have repealed the 1896 Act. That argument is fallacious, because if [LSA-] R.S. 48:731 et seq. is constitutional, it likewise, again repealed, or superceded the Article as reenacted in 1916.
"However, the Court is of the very definite opinion, for the reasons hereinabove set forth, that Act 54 of 1896 and its re-enactment as [LSA-] R.S. 48:731, 732 and 733, are unconstitutional, and, as reluctant as all Courts are and must be to declare invalid any solemn expression of the legislative will, there is no escape from that course in this case. The denial of an individual's right to have his property *546 rights decided by the Courts, where, alone, that power is vested by the Constitution, would be to deny him one of the most fundamental and precious rights guaranteed to him by the State and Federal Constitutions.
"For the reasons assigned, the plea to the jurisdiction is overruled."
We are of the opinion the plea was correctly denied.
The exceptions of no cause and no right of action were based, first, that there were no allegations in the petition stating there were no other more suitable routes over the lands of adjoining owners and that the plaintiff had not attempted to obtain from these owners such routes, and second, because there were no allegations of a formal tender of compensation for damages which might result to the defendant by the location of the passage way across his property. These exceptions were referred to the merits through stipulations. Where such is done the whole record as made up on the trial must be considered in passing upon the exceptions. Robinson v. Herring, La.App., 20 So.2d 811. The trial court, on rehearing, with written reasons, sustained the defendant's exception and dismissed plaintiff's suit upon the basis there was no allegation or proof that the plaintiff had made any offer or tender of payment for the damages the defendant might suffer. If the plaintiff has alleged and proven that he has or is entitled to a gratuitous right of passage over defendant's property under the provisions of Article 701 of the LSA-Civil Code then, of course, the exception has no bearing and the judgment of the trial court must be reversed and the exception overruled.

Plaintiff's Rights under Article 701, Revised Civil Code of Louisiana
"It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; for if the estate, for which the right of passage is claimed, has become inclosed by means of sale, exchange or partition, the vendor, coparcener or other owner of the land reversed, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitiously, and even when it has not been sold or transferred with the rights of servitude."
The record establishes that prior to 1952 Herbert Brown owned a tract of land consisting of the tract now owned by the plaintiff and the tract now owned by the defendant. On May 13, 1952 he sold the tract now owned by the plaintiff to David Brown and retained the rest of the property for himself. As a result of this sale the tract presently owned by the plaintiff was completely inclosed and without access to any public road. On the same date of the sale Herbert Brown granted to David Brown an easement across the north 20 feet of the retained tract. The instrument through which this easement was granted contained the stipulation which follows:
"This easement and servitude shall remain in force and effect only so long as David W. Brown shall be the record owner of E½ of SW¼ of NE¼ of SW¼ of Section 29, Township 2 South, Range 9 West, in Beauregard Parish, Louisiana, and when the said David W. Brown ceases to be record owner of said property, this easement and servitude shall terminate and be of no force and effect."
On April 18, 1953 Herbert Brown sold the retained tract to the defendant, and on October 10, 1956 David Brown sold his tract to the plaintiff, Hubert Brown. Under this state of facts the plaintiff maintains he is entitled, under the provisions of Article 701, to claim a gratuitous right of passage over the defendant's property.
*547 Article 666 of the LSA-Civil Code provides:
"The law imposes upon the proprietors various obligations towards one another, independent of all agreements; and those are the obligations which are prescribed in the following articles."
Article 674 reads:
"The other particular servitudes imposed by law relate to the following objects:
"1. To boundary walls, inclosures and ditches;
"2. To cases where it is necessary to have double or counter walls;
"3. To the right of lights and of view on the property of a neighbor;
"4. To carrying off water from roofs.
"5. To the right of passage and of way."
Under these Articles and Article 701, supra, it seems the right of passage comes into being through operation of law, there being no necessity for any conventional agreement.
The right of passage referred to in Article 701 is clearly a predial servitude under the provisions of Articles 646 and 647.

"Art. 646. All servitudes which affect lands may be divided into two kinds, personal and real.
"Personal servitudes are those attached to the person for whose benefit they are established, and terminate with his life. This kind of servitude is of three sorts: usufruct, use and habitation.
"Real servitudes, which are also called predial or landed servitudes, are those which the owner of an estate enjoys on a neighboring estate for the benefit of his own estate.
"They are also called predial or landed servitudes, because, being established for the benefit of an estate, they are rather due to the estate than to the owner personally.
"This kind of servitude forms the subject of the present title." (Emphasis added.)

"Art. 647. A real or predial servitude is a charge laid on an estate for the use and utility of another estate belonging to another owner."
"Article 701 evidently contemplated two estates and two owners with the retained estate being obligated to furnish the owner of the inclosed estate a right of passage.
Articles 653 and 654 provide:

"Art. 653. Servitudes being essentially due from one estate to another for the advantage of the latter, they remain the same as long as no change takes place in regard to the two estates, whatever change may take place in the owners."

"Art. 654. Servitude is a right so inherent in the estate of which it is due, that the faculty of using it, considered alone and independent of the estate, can not be given, sold, let or mortgaged without the estate of which it appertains, because it is a servitude which does not pass to the person but by means of the estate."
Consequently, the change in ownership of either or both of the estates does not terminate the landed or predial servitude. Any one who requires either of the estates after the legal servitude comes into being takes such tract subject to the servitude already established.
Our jurisprudence reflects few cases interpreting Article 701, but a recent case, Bourg v. Audubon Park Commission, for *548 City of New Orleans, La.App., 89 So.2d 676, 679, applies this Article, explaining:
"The foregoing article is mandatory, it affords plaintiffs no alternative passagewayit simply provides that when the owner of a portion of land sells a part thereof, and that part becomes inclosed in consequence of the sale, the vendor must afford a gratuitous passageway over the unsold or retained portion thereof. This is precisely the factual situation which the Monaghans created and, therefore, a servitude is imposed by law, accordingly, they must afford plaintiffs not only a pedestrian right of passage, but also a vehicular right of passage over the rear of the Monaghan property in conformity with LSA-Civil Code, Article 702 which provides:
"`Extent of user of way.A passage must be furnished to the owner of the land surrounded by other lands, not only for himself and workmen, but for his animals, carts, instruments of agriculture, and every thing which may be necessary for the use and working of his land.'
"Imposing this servitude on the property of Mrs. Monaghan in favor of the property of the plaintiffs creates no hardship, as the servitude had been actually used by the occupants of plaintiffs' property for twenty-five years and the roadway is still available obstructed only by a fence."
In the Bourg case, supra, a rehearing was not granted and a Writ of Certiorari was denied. In that case the plaintiff was not the original vendee, as is true here. Article 653, supra, clearly denotes such a servitude, as claimed in the instant case, is due from one estate to another and as long as no change takes place in regard to the two estates a change in ownership has no bearing.
The defendant contends that the agreement between Herbert Brown and David Brown which provided that the easement would terminate when the latter ceased to be the owner of the tract sold him by the former was a binding agreement. However, the present plaintiff was no party to this contract, and the stipulation from the agreement, supra, meant nothing in the face of Article 701. Regardless of any agreement between the first vendor and first vendee, the owner of the inclosed estate had a legal right of servitude which should have been given him gratuitously, and this legal servitude operates in favor of the present owner, the plaintiff. We find no merit in the defendant's argument.
Defendant also claims that Article 701 is unconstitutional since it is violative of Constitutional Article 1, Section 2, Article 3, Section 37, and Article 4, Section 15. No cases are cited in support. Article 1, Section 2, deals with private property taken for public purposes. The servitude granted by Article 701 is for private purposes. Article 3, Section 37, authorizes the Legislature to enact general laws providing the granting of private rights of way for roads of necessity and for drainage for agricultural and other necessary purposes. It is our opinion this Section does not conflict with the provisions of Article 701. Article 4, Section 15, is equally inapposite.
The record reflects the most logical, practical, convenient and least costly route for a permanent passage way from plaintiff's land to a public road is across the south side of the defendant's property. Articles 699 and 700 state the general rule to be that an inclosed estate must exact the right of passage to the nearest public road. Our jurisprudence shows other considerations must be considered in addition to distance, such as cost, convenience and practicality. The leading case upon this subject is Littlejohn v. Cox, 15 La.Ann. 67, where the Supreme Court said:
"In determining the place where the right of way shall be exercised, *549 the matter is not left entirely at the caprice or option of the party compelled to grant the servitude. At the same time that due regard will be paid to his interests, and even to his convenience in the premises, the court will keep in view the rights which the law intends to secure to the opposite party. The road awarded must be such a one as will be serviceable, one, of which he may derive the contemplated advantages of a forced expropriation. The defendants cannot exact that an extremely circuitous, impracticable and expensive route should be taken by the plaintiff, because it may happen to be less burdensome to the former."
The present passage way across the defendant's property meets the requirements of our Statutes and jurisprudence. At the time the original vendee was granted a gratuitous passage, and which was later changed in location by the original vendor and vendee, it became a servitude in favor of the inclosed estate by operation of law under Article 701, LSA-C.C. The attempted agreement to limit this servitude was null as being in contravention of Art. 701, LSA-C.C. and recent jurisprudence as cited herein.
For the above and foregoing reasons the judgment of the lower court is reversed and judgment is now rendered in favor of the plaintiff reinstating the original decree of the lower court except insofar as it assesses any damages against the plaintiff, decreeing the present road or passage way a gratuitous one in favor of the inclosed estate.
The last question to be considered is costs. Under LSA-R.S. 13:4444 "all appellate courts may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be deemed equitable." See Russell Lumber Co. v. Vance, La. App., 90 So.2d 553 at page 556. Since the record herein reflects certain acts upon the part of the plaintiff which contributed to the precipitation of this law suit, under our discretionary power, we decree the costs of both courts be taxed one-half against the plaintiff and one-half against the defendant.