338 So.2d 308 (1976)
Clair MARCEAUX, Plaintiff-Appellant,
v.
Wilfred (Lulu) BROUSSARD, Defendant-Appellee.
No. 5582.
Court of Appeal of Louisiana, Third Circuit.
September 13, 1976.
Rehearing Denied November 4, 1976.
Writ refused January 12, 1977.
*309 Pugh, Buatt, Landry & Pugh by Lawrence G. Pugh, Jr., Crowley, for plaintiff-appellant.
Broussard, Broussard & Moresi by Marcus A. Broussard, Jr., Abbeville, for defendant-appellee.
Before MILLER, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Plaintiff, Clair Marceaux, filed this suit to obtain a servitude of passage across the property of defendant, Wilfred (Lulu) Broussard. Marceaux alleged that his property constitutes an enclosed estate with the shortest passable way to the nearest public road being across the property of defendant Broussard to the north. The trial court concluded that there is an existing right of passage over property to the south and dismissed Marceaux's suit. Plaintiff Marceaux has appealed, alleging that the trial court erred: in finding an existing servitude of passage to the south based on LSA-C.C. art. 701[1] and Patin v. Richard, 291 So.2d 879 (La.App. 3 Cir. 1974); and in not granting Marceaux a servitude of passage to the north across the land of defendant Broussard, based on LSA-C.C. art. 699.[2] We affirm.
FACTS
Plaintiff Marceaux's tract of 63.64 acres was acquired in 1971 by inheritance from his sister, Annette Marceaux. In her will, Annette partitioned a tract of 256 acres between her brothers and sisters and stipulated a right of ingress and egress for the contiguous tracts. The 256 acre tract was originally part of a 512 acre parent tract owned by Cleophas (Clay) Marceaux, the father of Clair and Annette. A 1952 partition between the widow and children of Cleophas (Clay) Marceaux divided the 512 acre tract between two daughters, Annette Marceaux and Jeanne Marceaux, wife of Roy Reese; each received 256 acres. Plaintiff, Clair Marceaux, was also a party to this 1952 partition agreement.
The trial court made the factual finding that Marceaux's estate is not enclosed because there is a servitude of passage to the south, stating:
"The testimony reveals that down through the years the passage to a public *310 road for the benefit of the northern portion of the 512 acres, has been south down the levee on the west side of the Cameron Canal, then southwesterly along the north bank of the Gueydan Canal to the bridge across the Gueydan Canal, and from there to the public road. This is the route plaintiff used as recently as the crop year of 1975." (TR. 80)
Joseph Elray Schexneider, stipulated to be an expert surveyor and civil engineer, testified that the most accessible public road to the Clair Marceaux property is 3,067 feet to the north across Broussard's property. The closest public road is 2,295 feet to the south across the Gueydan Drainage Canal, but use of this route would require building a bridge at a cost of some $22,000.
Frank R. Lyman, stipulated to be an expert civil engineer and surveyor, testified that the route formerly used by Clair Marceaux across the Reese levee and existing bridge to the south is approximately 6300 feet long.
Plaintiff Marceaux testified that the property to the south belongs to his sister, Jeanne Marceaux Reese; that he paid Mr. and Mrs. Reese $500 to pass over this property during the 1975 crop year, but the Reeses have refused to negotiate for further use of this route. Plaintiff Marceaux said his access from the south was cut off by the partition of his father's property in 1952.
The survey in the partition of 1952 shows the following:

*311 Annette's will divided her tract (Lot No. 1) into four sections allocated as follows:

Louis A. Dugas,
Executor of Marie Marceaux Dugas Lot No. 1
Clair Marceaux Lot No. 2
Arsene Marceaux Lot No. 3
Jeanne Marceaux Reese Lot No. 4

ISSUE:
The issue in brief is whether plaintiff Marceaux is entitled to a servitude of passage over defendant Broussard's land to the north.
CONCLUSION:
Counsel for plaintiff-appellant Clair Marceaux contends that his estate was not enclosed by the 1952 partition because LSA-C.C. art. 699 then provided that an owner with access to a water course was not enclosed, and the Cameron Canal adjoining plaintiff's property is a water course. The article was amended in 1970 to delete the reference to water courses. However, a water course in the context of LSA-C.C. art. 699 before its amendment, was defined in the case of Inabnet v. Pipes, 241 So.2d 595 (La.App. 2 Cir. 1970):
". . . to mean a navigable stream or body of water by which ingress and egress might be effected." 241 So.2d 597.
There is no indication in the record that the Cameron Canal is navigable.
Plaintiff-appellant Marceaux also contends that LSA-C.C. art. 701 is not applicable because he did not acquire his land by partition but by donation mortis causa. This is a strained interpretation. The enclosure resulted from partition even though plaintiff Marceaux's acquisition was by inheritance from his sister. This is a situation contemplated by LSA-C.C. art. 701. The right of passage is a predial or real servitude due by one estate to another. LSA-C.C. arts. 647[3] and 653.[4] The Reese estate owes the right of passage to the Marceaux estate. See Brown v. Terry, 103 So.2d 541 (La.App. 1 Cir. 1958) and Picard v. Shaubhut, 324 So.2d 517 (La.App. 1 Cir. 1976); writ not considered, La., 326 So.2d 380. Therefore, Marceaux is not entitled to an additional right of passage across the land of defendant Broussard. The trial court correctly dismissed plaintiff's suit.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant, Clair Marceaux.
AFFIRMED.
DOMENGEAUX, J., dissents and assigns reasons.
DOMENGEAUX, Judge (dissenting).
The shortest passage to a public road from plaintiff's enclosed land is over defendant's property. In view of the plaintiff's relationship with the owner of the southern 256 acres, the conclusion of the majority has certain equitable merit. However, we may not decide cases on equity when there exists express law on the subject. *312 C.C. Art. 21. The law here is to be applied is C.C. Arts. 699 and 700.
I stated in my dissent in Patin v. Richard, 291 So.2d 879 (La.App.3rd Cir. 1974):
"In my opinion Civil Code Article 701 is clear and should be read in context with the preceding Articles 699 and 700, all under the subsection of the Code dealing with the servitude of the right of passage and of way which is imposed by law.
Article 699 states that the owner of an enclosed estate may claim the right of passage on the estate of his neighbor(s) to the nearest public road, etc. Article 700 further indicates that the passage theretofore mentioned in Article 699 should generally be taken on the side of the subservient estate where the distance is the shortest from the enclosed estate to the public road, but that nevertheless, it should be fixed in the place least injurious to the owner of the estate owing the servitude.
Article 701, in my opinion, gives a limited exception to this rule that the right of passage is to be suffered by the neighboring estate which affords the shortest and most direct route to a public road. Under Article 701 the subservient landowner is bound to furnish a gratuitous passage, but only when the requisites of the article are met. First, there must be a landowner, etc. who has sold, etc. a portion of his estate which in so doing encloses that sold portion with no way to a public road. Second, the landowner must have reserved a remaining portion of the land [third] over which a right of passage had before been exercised. See Brown v. Terry, 103 So.2d 541 (La.App. 1st Cir. 1958); Bourg v. Audubon Park Commission for City of New Orleans, 89 So.2d 676 (La.App. Orl. Cir. 1955)."
As in Patin, I respectfully suggest that the pre-requisites for the application of 701 do not exist in this case. The error of the majority in Patin is repeated by the majority herein.
The liberal application of C.C. 701 in Patin and again herein dilutes the true meaning and efficacy of C.C. 699 and 700.
NOTES
[1] LSA-C.C. art. 701:

"Art. 701. It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; for if the estate, for which the right of passage is claimed, has become inclosed by means of sale, exchange or partition, the vendor, coparcener or other owner of the land reserved, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitously, and even when it has not been sold or transferred with the rights of servitude."
[2] LSA-C.C. art. 699:

"Art. 699. The owner whose estate is enclosed, and who has no way to a public road, railroad, or a tramroad may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, or a tramroad and shall have the right to construct a road, railroad or tramroad according to circumstances and as the exigencies of the case may require, over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road or railroad, tramroad or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion."
[3] LSA-C.C. art. 647:

"Art. 647. A real or predial servitude is a charge laid on an estate for the use and utility of another estate belonging to another owner."
[4] LSA-C.C. art. 653:

"Art. 653. Servitudes being essentially due from one estate to another for the advantage of the latter, they remain the same as long as no change takes place in regard to the two estates, whatever change may take place in the owners."