365 So.2d 504 (1978)
Clair MARCEAUX, Plaintiff-Appellant,
v.
Roy REESE and Jeanne Marceaux Reese, Defendants-Appellees.
No. 6648.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Rehearing Denied January 10, 1979.
Pugh, Craton & Jones by Lawrence G. Pugh, Jr., Crowley and Timothy A. Jones, Crowley, for plaintiff-appellant.
Adam G. Nunez, Lake Charles, for defendants-appellees.
*505 Before DOMENGEAUX, WATSON, and CUTRER, JJ.
DOMENGEAUX, Judge.
This suit involves the efforts of plaintiff, Clair Marceaux, to obtain a right of passage for his enclosed estate.
Marceaux is the owner of a 63.64 acre tract of land in Cameron Parish. Jeanne Marceaux Reese, his sister, owns a tract of land located on Marceaux's southern boundary. Originally, the father of the two, Cleophas Marceaux, owned considerable acreage in Cameron Parish, including the land here involved. At the time of the father's death, the land in question was contained in a 512 acre tract, which was partitioned. Jeanne Marceaux Reese received the southern half of the property and Annette Marceaux, another daughter, received the northern half. Subsequently, Annette died, and her will divided her 256 acres into four sections, lying north to south. The southernmost lot, designated as No. 4, bordered on Jeanne's land, and Annette bequeathed this property to her. Lot No. 3, which was situated immediately north of Lot No. 4, was bequeathed to Arsene Marceaux, but was later acquired by Jeanne. Clair was bequeathed the next lot, No. 2. Louis A. Dugas, Annette's executor, received Lot No. 1, but apparently this was acquired by Jeanne at a later date.
In a prior suit, plaintiff attempted to establish a servitude of passage over the land situated to the north of his lot, No. 3, and of Lot No. 1. This land belonged to Wilfred (Lulu) Broussard. In a 2-1 decision,[1] this Court affirmed the judgment of the trial court, dismissing Marceaux's suit. Marceaux v. Broussard, 338 So.2d 308 (La. App. 3rd Cir. 1976), writ denied 340 So.2d 992 (La.1977) (a 4-3 decision). In dictum, the majority in Broussard stated:
"The Reese estate owes the right of passage to the Marceaux estate."
The "Reese estate" in that case refers to the land owned by Jeanne Reese to the south of Marceaux. It should be noted that Jeanne Reese was not a party in the Broussard case.
Following the reception of an adverse decision in Marceaux v. Broussard, plaintiff demanded a right of passage over his sister's property. The parties could not reach an agreement, and this suit followed.
Plaintiff filed his petition on February 11, 1977, seeking injunctive relief against Jeanne Marceaux Reese and her husband, Roy Reese, "enjoining, restraining and prohibiting the defendants, their agents and employees from in any manner interfering with petitioner in the full exercise of his right of passage across the 256 acre tract owned by the defendants . . . ." Marceaux also sought damages, alleging that, because his right of passage was denied by defendants, he could not raise his crops.
In their answer, defendants pointed out that the land was owned by Jeanne Reese individually, and that, inasmuch as neither defendant was a party to the suit in Broussard, no right of passage over Jeanne's land had ever been established. Both Jeanne and Roy Reese reconvened for damages. Jeanne Reese reconvened additionally for the establishment of a right of passage across plaintiff's property, alleging that Lot No. 1 of the original Annette Marceaux tract, now owned by Jeanne, was enclosed.
After trial, the trial judge rendered a judgment establishing a right of way over the property owned by Jeanne Reese and a bridge owned by Roy Reese, enjoining the defendants from interfering with plaintiff's use of the right of way, ordering that plaintiff share in the responsibility of maintenance of the right of way, denying the claim for damages of all parties, and dismissing the reconventional demands of defendants. Plaintiff appeals, and defendants answer the appeal.
The threshold issue on appeal is raised by the defendants. They maintain that it was improper to establish a right of way in a suit which only sought injunctive relief.
*506 Defendants argue that Clair Marceaux sought to establish the right of way collaterally over the land of Jeanne Reese by using the dictum in Marceaux v. Broussard to the effect that the Reese estate owes the right of passage. Apparently, plaintiff adopted the position in his petition that the Broussard case had already established his servitude and that a suit for an injunction against defendants was the proper method in which to proceed for judicial protection of his rights.
We think it elementary that the Broussard case could not have established plaintiff's right of way, because neither Jeanne Reese, nor her land, were involved. If, then, a right of way was not yet established, it follows that plaintiff's suit for injunctive relief was improper. It is well established that an injunction based on a right of passage should be refused when the place and mode of passage has not been fixed by the consent of the parties or a judgment of the Court. Morgan v. Culpepper, 324 So.2d 598 (La.App. 2nd Cir. 1975), writ denied 326 So.2d 377 (La.1976) and 326 So.2d 378 (La.1976); Ezernack v. Ezernack, 18 La.App. 56, 137 So. 626 (2nd Cir. 1931).
The trial judge obviously recognized that injunctive relief was improper at this stage of the proceedings, because he listed four issues in his written reasons, which he thought the case presented. These were: (1) the location of the servitude; (2) the extent of the servitude; (3) the responsibility for the maintenance of the servitude; and (4) the damages sought by the parties. However, considering the posture of the pleadings, we feel that it was erroneous for the trial judge to resolve those issues concerning the servitude.
Plaintiff filed a single, unamended petition for injunctive relief and damages. He did not allege the proper items to establish a right of passage in his petition, nor did he pray for the establishment of a right of passage. These omissions and defects in plaintiff's petition were clearly pointed out to the trial judge at the beginning of trial by defense counsel, who strenuously objected to any proceedings in the trial court which could lead to the establishment of a right of way. Nevertheless, the Judge took evidence on the establishment of the right of way and ultimately rendered a judgment establishing it.
We feel that our able trial brother erred in allowing plaintiff to exceed the scope of the demands made in his petition. Timely objection, coupled with the failure to move for an amendment of the pleadings, is fatal to an issue not raised by the pleadings. Wanda Petroleum Company v. Mac Drilling, Inc., 353 So.2d 474 (La.App. 3rd Cir. 1977), writ denied 355 So.2d 258 (La.1978); Bosworth v. New Orleans Federal Savings & Loan Association, 258 So.2d 191 (La.App. 4th Cir. 1972). Defendants came into court to defend a suit for injunctive relief and damages, and not to defend a suit seeking to establish a servitude of right of way.
We thus hold, in the context of this case, that (1) the establishment of a right of way either by mutual consent or Court Order was a prerequisite to plaintiff's injunctive relief; and (2) plaintiff's suit for injunctive relief was not the proper procedure to establish a right of way. Accordingly, plaintiff's suit will be dismissed.
Several other issues have been raised on appeal, however, considering our resolution of this case, it is not necessary to discuss these at this time. This includes the argument made by Jeanne Reese relative to her reconventional demand for the establishment of a servitude of passage over the land of Clair Marceaux. In that connection, we note that the record indicates that this claim was not seriously pursued during trial, possibly because the issues were not clearly formulated. In the interest of fairness to both sides, we will dismiss the entire suit and all reconventional demands, without prejudice to any party.
For the above reasons, the judgment of the District Court is reversed. It is now Ordered that plaintiff's suit, as well as defendants' reconventional demands, be and the same are hereby dismissed, without prejudice. All costs on appeal are assessed *507 against the plaintiff-appellant, Clair Marceaux.
REVERSED AND RENDERED.
WATSON, J., concurs and assigns written reasons.
WATSON, Judge, concurring:
I concur reluctantly because the effect of the decision is to put these parties through more litigation which will have the same result. It is significant that defendants asserted in their reconventional demand that they were willing to grant plaintiff the right-of-way across the Gueydan Canal which was recognized by the trial court. The principal opinion does not cast any doubt on the conclusion in Marceaux v. Broussard, supra, that the Reese estate owes the right of passage to the Marceaux estate. It is unfortunate that the procedural posture of the present case does not allow a recognition of that right.
NOTES
[1] The author of the present opinion dissented, feeling that Marceaux's right of passage should have been over Broussard's lands.